Humberto BARRERA, Appellant,

v.

Henry SANCHEZ d/b/a Sanchez Land and Cattle Co., Appellee.

No. 04–83–00313–CV.

Court of Appeals of Texas, San Antonio.

Oct. 10, 1984.

Rehearing Denied Nov. 1, 1984.

Jaime Omar Garza, Alice, for appellant.

Terry A. Canales, Canales & Barrera, Alice, for appellee.

Before ESQUIVEL, BUTTS and DIAL, JJ.

## OPINION

BUTTS, Justice.

Humberto Barrera sued Henry Sanchez for damages when he discovered Sanchez sold cattle belonging to plaintiff, not paying any of the proceeds to plaintiff. Now Barrera appeals from a summary judgment in favor of Sanchez. TEX.R.CIV.P. 166–A. The basis for the judgment is that Barrera's suit is barred by the two year statute of limitations. TEX.REV.CIV.STAT.ANN. art. 5526 (Vernon Supp.1984). We reverse and remand for trial.

Barrera alleges in his original petition that in December 1979 he delivered to Sanchez twelve pregnant cows and Sanchez agreed to care for them until after calving, to find a buyer for all the cattle, and to give all the proceeds to Barrera (this last to compensate him for his care of Sanchez's cows by breeding twenty-three of them to an "Indo Brazil Bull"). He alleged further that Sanchez, answering his inquiry regarding the sale in *December 1980,* responded that he intended to purchase the cows and calves himself. He would pay Barrera the sum of $1,500 per pair upon receipt of money from the lease of his farm to Roel Gonzalez. Barrera left the twelve cows with calves in the possession of Sanchez. Barrera alleges that Sanchez "subsequently sold Plaintiff's cattle to Roel Gonzalez." No date of discovery is shown. In addition, general allegations of fraud and misrepresentations appear in the petition. It is stated further that the money Sanchez received for the livestock can be traced to equipment or property owned by Sanchez, and a constructive trust should be imposed thereon.

██ The file mark on the original petition indicates suit was commenced on December 9, 1982. Following the taking of Barrera's deposition, Sanchez amended his answer, setting out the affirmative defense of limitations, and he filed his motion for summary judgment based on that defense. Hearing was set for March 23, 1983. At that time Barrera secured a continuance until March 28th. On that date the trial court refused to permit Barrera to file a response to the motion. Rule 166–A(c) provides in part:

> ... Except on leave of court, the adverse party, not later than seven days prior to the day of hearing, may file and serve opposing affidavits or other written response. No oral testimony shall be received at the hearing....

Whether the trial court permits a late response to be filed is clearly within its sound discretion. *Rhodes v. City of Austin,* 584 S.W.2d 917, 921–22 (Tex.Civ.App.—Tyler 1979, writ ref'd n.r.e.). We find there is no abuse of discretion, as asserted by Barrera in his second point of error, and overrule that argument.

In his first and remaining point of error Barrera maintains the motion for summary judgment was improperly granted because there was a genuine issue of material fact to be determined. We agree.

██ The deposition of Barrera was not part of the summary judgment proof. Instead, the affidavit of Rolando Cantu was

the only evidentiary support for the motion for summary judgment. It stated, in pertinent part:

My name is Rolando Cantu. I am in all ways qualified to make this affidavit. On February 15, 1983 ... the oral deposition of Humberto Barrera ... was taken....

\* \* \* \* \* \*

During the course of said deposition, and in response to questions propounded by ... attorney for defendant ... and also in response to questions propounded by ... Mr. Barrera's own attorney, the plaintiff ... repeatedly and insistently declared that he had become aware of the sale of the cattle to Roel Gonzalez in "July or August of 1980." [Signed and sworn to by Rolando Cantu.]

Rule 166–A(e) provides that supporting and opposing affidavits shall be made on personal knowledge, shall set forth such facts as would be admissible in evidence, and shall show affirmatively that the affiant is competent to testify to the matters stated therein. On its face the affidavit in this case does not meet those requirements. We cannot ascertain that Cantu was present at the time of the deposition, nor whether he was an interested witness, nor even whether this affidavit was made on the basis of his personal knowledge.

However, Barrera has not shown that he presented any objection to the affidavit at the hearing. Without objection to the form of the affidavit in the trial court the appellant may not raise this for the first time on appeal.

■ What Barrera has raised on appeal, however, is that the content of the affidavit constitute inadmissible hearsay. This matter was tried and appealed before the effective date of the TEX.R.EVID. (effective September 1983). Under the applicable prior law the argument that evidence admitted in trial was hearsay could be presented for the first time on appeal. In order to overcome the hearsay objection on appeal in this case, the affidavit supporting the

motion for summary judgment must set forth facts that would be admissible in evidence at a trial. *See Town North National Bank v. Broaddus,* 569 S.W.2d 489, 494 (Tex.1978). The former common law rule was that hearsay, although not objected to, is incompetent to establish any fact and can never form the basis of judgment and cannot be the basis of a summary judgment. *Sampson v. APCO Oil Corp.,* 476 S.W.2d 430, 431 (Tex.Civ.App.—Amarillo 1972, no writ).[1] It was also accepted that hearsay could not be made the basis of a summary judgment, and the trial judge would not be required to speculate as to whether affiant could establish facts stated in an affidavit if he were testifying from the witness stand. *Youngstown Sheet & Tube Co. v. Penn,* 363 S.W.2d 230, 233 (Tex.1962). There is no question that Cantu's statements in his affidavit constituted hearsay. Because of the law in effect at the time of the hearing the objection that the affidavit is without probative value to support the summary judgment may be raised for the first time on appeal.

■ That does not end the examination by this court. It is sometimes the case that the pleadings themselves will bar an action when they plainly show an appropriate number of years have elapsed since the accrual of an action. Neither the petition nor answer provides the actual date of the accrual of the alleged cause of action in the instant case. Thus, the pleadings alone, the affidavit being non-probative hearsay, do nothing more than to raise a question of fact.

■ Sanchez suggests the deposition testimony of Barrera is an admission against interest which conclusively shows the cause of action was barred by the two-year statute of limitations. We do not have that evidence before us, nor did the trial judge. Even if the statements attributed to the deponent were made by him, he would not be forever bound by the admissions made in the deposition. He would have the right

---

1. TEX.R.EVID. 802, now provides that inadmissible hearsay admitted without objection shall

not be denied probative value merely because it is hearsay.

to explain any mistaken fact or refute some statement mistakenly made. When an issue of fact is thus presented, the credibility and weight of his testimony is to be passed on by the trier of fact. *St. John v. Fitzgerald*, 281 S.W.2d 201, 207 (Tex.Civ.App.—Eastland 1955, no writ). But, as noted, no deposition was offered in proof.

The trial court may not grant a summary judgment by default for lack of an answer by the non-movant when the movant's summary judgment proof is legally insufficient. The movant still must establish his entitlement to a summary judgment on the issues expressly proving all essential elements of his cause of action or defense as a matter of law. *City of Houston v. Clear Creek Basin Authority*, 589 S.W.2d 671, 678 (Tex.1979). Summary judgments must stand on their own merits, and the non-movant's failure to answer or respond cannot supply by default the summary judgment proof necessary to establish the movant's right. *Id.*

Accordingly, since there is no probative evidence to establish absence of a genuine issue of fact, we hold the offered proof of the affirmative defense was legally insufficient, as a matter of law, to support the summary judgment. The judgment is reversed and the cause is remanded for trial.