Terry D. BURDETT, Marilyn Burdett
and Michael David Koutney,
Appellant,

v.

GIFFORD–HILL & COMPANY,
INC., Appellee.

No. 2–87–088–CV.

Court of Appeals of Texas,
Fort Worth.

Oct. 29, 1987.

Robert J. Wilson & Associates, Inc., and Robert J. Wilson, Burleson, for appellant.

Cowles & Thompson, and Michael W. Huddleston, Dallas, for appellee.

Before FENDER, C.J., and JOE SPURLOCK, II and FARRIS, JJ.

OPINION

JOE SPURLOCK, II, Justice.

This suit is an appeal from a take nothing judgment rendered after a jury trial against appellants, Terry D. Burdett, Marilyn Burdett and Michael David Koutney. In their brief, appellants do not provide this court with a preliminary statement of the facts of the case. *See* TEX.R.APP.P. 74(f).

Appellants' brief contains but a single point of error. After filing two motions for extension of time to file their brief, the appellants' filed the same, which with the point of error, and all of the argument and authority in their brief is set out fully as follows:

"Brief of Appellant"

THE TRIAL COURT'S FAILURE TO ACT ON PLAINTIFFS' MOTION FOR NEW TRIAL REQUIRES CASE TO BE REMANDED TO TRIAL COURT FOR FORMAL RULING ON MATTERS RAISED IN PLAINTIFF'S MOTION FOR NEW TRIAL.

### ARGUMENTS AND AUTHORITIES

Appellants' filed their Motion for New Trial challenging the Jury's and Trial Court's findings on the weight of the facts in evidence to support the verdict accepted by the Trial Court. (See Record).

The Trial Court never acted on said Motion. (See Record).

Appellants have been denied due process of law and their rights under Rule 324(b)(2)(3)(4) of the Texas Rules of Civil Procedure.

### CONCLUSION & PRAYER

Appellants pray this Court remand this matter to the Trial Court for formal determination of their timely filed Motion For New Trial.

The transcript was filed with this court, but no statement of facts was filed. For reasons hereafter set out, this court affirms the judgment.

A review of the pleadings and jury answers to the special issues submitted by the court reveals that appellants Terry Burdett and Michael Koutney each alleged work-related injuries which occurred on appellee's property. In their suit, arising from a negligence cause of action, they alleged multi-millions of dollars in personal injury damages. Following a seven day trial, the jury answered all issues submitted by the court against appellants. The court entered a take nothing judgment based upon the jurys' answers, and ordered that appellee Gifford–Hill & Co., Inc. recover all of its cost of the trial.

Upon the entry of the judgment, appellants filed a motion for a new trial, which in all pertinent parts is set out in full herein:

### I.

That this Judgment that Plaintiffs and Intervenor take nothing in this cause, which was signed by this Court on February 2, 1987, is contrary to the law and facts applicable to this cause.

### II.

There is no evidence, or the evidence is overwhelming to the contrary, that GIFFORD–HILL & COMPANY, INC. was not more negligent that Plaintiffs in this incident.

### III.

There is no evidence, or the evidence is overwhelming to the contrary that Plaintiffs were not damaged by the negligence of Defendant in this incident.

WHEREFORE, PREMISES CONSIDERED, Plaintiffs and Intervenor pray this Court grant a new trial on all issues in this case.

■ The entire complaint on appeal is that the trial court permitted the motion for new trial to be overruled as a matter of law upon the expiration of time. *See* TEX. R.CIV.P. 329b(c). The court entered judgment in the case February 2, 1987, the motion for new trial was filed on February 27, 1987. In accordance with the rule, the motion was overruled by operation of law on April 18, 1987. Appellants are claiming that they have been denied due process of law, and somehow of their rights under rules 324(b)(2), (3), and (4) of the Texas Rules of Civil Procedure, which pertain to the prerequisites of appeal and what is required in a motion for new trial. We find the entire point of error is totally without merit.

Appellants have cited us no authority to even discuss the act of the trial court as either an act of discretion which is wrong or void, or in some other way a deprivation of any of their rights. Appellants have wholly failed to provide any authority to this court that a trial court could be in any way in error in following permitted procedural steps. We do not have any authorities presented to show that the rule (329b(c)) is in any way a violation of any right to trial, either upon an open courts provision or upon any statutory considerations.

■ We overrule the point of error. In this connection we find the appeal has been taken solely for delay and without suffi-

cient cause. *See* TEX.R.APP.P. 84. The rule provides where, as here, the appellee recovered nothing below, that:

Damages for Delay in Civil Cases

In civil cases where the court shall determine that an appeal or writ of error has been taken for delay and without sufficient cause,.... If there is no amount awarded to the prevailing appellee or respondent as money damages, then the appellate court may award, as part of its judgment, each prevailing appellee or respondent an amount not to exceed ten times the total taxable costs as damages against such appellant or petitioner.

*Id.*

In accordance with the above authority, and after considering all efforts by appellants in the appeal of this case, we find that recovery of three times the amount of taxable costs should be awarded as damages to appellee. Accordingly it is ordered that appellee recover from appellants and their surety the amount of three times the amount of the taxable cost incurred by appellee in this case.

The judgment is affirmed. Appellants are ordered to pay appellee as damages three times the appellee's taxable cost of $3,956.16 occasioned in the matter, that is the sum of $11,868.48.