**Bernard J. DOLENZ, Appellant,**

v.

**A___ B___, Appellee.**

**No. 05–86–01187–CV.**

Court of Appeals of Texas, Dallas.

Dec. 2, 1987.

Rehearing Denied Dec. 29, 1987.

Bernard J. Dolenz, Dallas, pro se.

R. Doak Bishop, Dallas, for appellee.

Before DEVANY, McCLUNG and HECHT, JJ.

HECHT, Justice.

When his borrower failed to repay a loan, Bernard J. Dolenz sued the borrower's attorney, A⎯ B⎯,[1] for fraud, negligence and breach of contract. Dolenz and the attorney both moved for summary judgment. The district court granted the attorney's motion and denied Dolenz' motion. We affirm the judgment of the district court, and because we determine that this appeal has been taken for delay and without sufficient cause, we award the attorney against Dolenz damages equal to ten times the total taxable costs of this appeal.

I

The material facts, all undisputed, are as follows.

Bernard Dolenz, a licensed attorney, agreed to loan Windy Gale & Company, Inc. and its president, Joy Huddleston, $20,-000. The loan was to be secured by a second lien on certain property known as the Three Sisters building, and by a three-foot carved ivory elephant tusk. Dolenz gave Huddleston his check for the funds, and Huddleston signed a promissory note. Huddleston told[2] Dolenz she would have

---

1. We refer to appellee by initials only or as "Huddleston's attorney", "her attorney" or "the attorney".

2. Dolenz' and the attorney's summary judgment affidavits both recite conversations each had with Huddleston. Such recitations are inadmissible hearsay. Although affidavits supporting and opposing motions for summary judgment must "set forth such facts as would be admissible in evidence", "[d]efects in the form of affidavits or attachments will not be grounds for reversal unless specifically pointed out by objection". Tex.R.Civ.P. 166-A(e). Neither Dolenz nor the attorney objected to the other's affidavit. Thus, both have waived any complaint as to

all the other paperwork for the transaction prepared by her attorney.

The next day, after the money had already changed hands, Huddleston went to her attorney and asked that a corporate resolution be prepared for Windy Gale authorizing the transaction with Dolenz. This the attorney did. Huddleston told her attorney that as security for the loan Windy Gale was to give Dolenz a second lien on certain property, but that Dolenz, being an attorney himself, had already prepared the lien documentation. Huddleston's attorney reminded her that Windy Gale & Company, Inc. did not hold title to the property and could not convey a lien. Huddleston's attorney advised her to do one of two things: either have the owners of the property convey the lien to Dolenz, or have title to the property conveyed to the corporation so that it could convey the lien. Huddleston elected the latter course, and her attorney prepared a deed conveying the property to Windy Gale & Company. Huddleston took the deed and told her attorney that she would have it executed and recorded.

After completing all the work Huddleston requested, her attorney wrote Dolenz the following letter:

I have prepared a resolution in compliance with the agreement between yourself and Joy Huddleston for Windy Gale and Company, Inc. Please be advised that as of this date, the transfer into the corporation [sic] the Three Sisters building has not been completed. I am preparing a Deed from each of the individual owners to the corporation of the building at this time. After the deed has been circulated for signature and recorded, I shall be glad to furnish you with a copy of it. The deed will be dated prior to December 12, 1984.

If you need anything further from me please notify me.

Huddleston's attorney never received the deed back from Huddleston. Some seven months later Dolenz telephoned Huddleston's attorney to say that he had never received a copy of the deed.

Neither Dolenz nor Huddleston ever asked Huddleston's attorney to prepare papers giving Dolenz a second lien on a building. Huddleston's attorney was never asked and never undertook to represent Dolenz. As a result, Dolenz never received a second lien on the property.

When Huddleston failed to repay Dolenz, he sued her and recovered a default judgment.

## II

Dolenz complains in his first point of error that the district court erred in granting the attorney's motion for summary judgment.[3] Specifically, Dolenz argues that there are genuine issues of material fact as to each of his claims against the attorney. We examine in turn each of the claims Dolenz pled against the attorney.

First, Dolenz claims that Huddleston's attorney defrauded him. Specifical-

---

consideration of inadmissible evidence as part of the summary judgment record. *See* Tex.R. Civ.P. 166–A(e); *cf. Woods Exploration & Producing Co. v. Arkla Equipment Co.,* 528 S.W.2d 568, 570–571 (Tex.1975) (complaint that affidavit did not show on its face how affiant had personal knowledge of facts stated, waived by failure to object to affidavit); *Davis v. Sears, Roebuck & Co.,* 708 F.2d 862, 864 (1st Cir.1983) (under similar provisions of Fed.R.Civ.P. 56(e), "if a party submits an inadmissible affidavit and the opposing party does not move to have it stricken, any objections to its consideration are deemed to have been waived and it may properly be considered by the court when ruling on the motion" unless consideration of the inadmissible evidence would result in a gross miscarriage of justice). "Inadmissible hearsay admitted without objection shall not be denied probative value merely because it is hearsay." Tex.R.Evid. 802. *Cf. Barrera v. Sanchez,* 679 S.W.2d 704, 706 (Tex.App.—San Antonio 1984, no writ) (before Tex.R.Evid. 802, hearsay in affidavit could not support summary judgment, implying that after Rule 802 result would be different).

**3.** Dolenz also complains in his second point of error that the district court erred in denying his motion for summary judgment against the attorney on claims based upon the promissory note Huddleston executed and upon a sworn account. When we pointed out to Dolenz at oral argument that he had pled no such claims against the attorney, he abandoned his second point of error.

ly, Dolenz claims that the attorney made two misrepresentations to him: first, that he would receive a copy of the deed prepared for the conveyance of the Three Sisters building to Windy Gale & Co., and second, that he would receive second lien documentation securing his loan to Huddleston and the corporation. Dolenz also claims that these misrepresentations violated section 27.01 of the Texas Business and Commerce Code Annotated (Vernon 1968, Supp.1987). Both claims are based upon the attorney's letter to Dolenz, quoted above.[4] As to the first alleged misrepresentation, that letter promises only that a copy of the deed would be mailed to Dolenz, and then only after it was recorded. The deed was never executed or recorded. As to the second alleged misrepresentation, the letter does not even mention a second lien. Thus, the letter makes neither of the misrepresentations Dolenz alleges. Moreover, because Dolenz delivered the loan proceeds to Huddleston prior to any representations by her attorney to him, he could not have detrimentally relied on those representations. As a matter of law, Dolenz is not entitled to recover on his fraud claims.

■ Second, Dolenz argues that Huddleston's attorney was negligent in failing to obtain a deed of the property to Windy Gale & Co. and a second lien to him securing the loan. Dolenz argues that Huddleston's attorney was acting as his attorney to the extent of obtaining the second lien for him. Dolenz also argues that the attorney negligently supplied false information to him in the letter. The undisputed facts are that Dolenz never asked Huddleston's attorney to represent him, and the attorney never undertook to do so. Huddleston's attorney owed Dolenz no duty to obtain for him the security for his loan that Huddleston had agreed to give. Nothing in the letter from Huddleston's attorney to Dolenz is false. As a matter of law, Dolenz is not entitled to recover on his negligence claims.

Third, Dolenz claims that he is a third party beneficiary of an agreement between Huddleston and her attorney that the attorney would cause a second lien securing Dolenz' loan to be created. Putting aside the legal question whether Dolenz can be a third party beneficiary of an agreement between the opposing party to a loan transaction and that party's attorney, a question as to which we harbor considerable doubt, the undisputed evidence in the summary judgment record is that Huddleston's attorney never agreed with Huddleston to create such a lien. As a matter of law, Dolenz is not entitled to prevail on this claim.

Inasmuch as there is no genuine issue of material fact as to any claim made by Dolenz against Huddleston's attorney, and Dolenz is not entitled as a matter of law to prevail on any of his claims, the district court did not err in granting the attorney's motion for summary judgment. Dolenz' first point of error is overruled.

III

■ Dolenz complains that his constitutional rights have been violated. In his third point of error Dolenz claims that "for obvious reasons" the district court denied him redress of wrongs in violation of article 1, section 13 of the Texas Constitution. Not only are Dolenz' reasons not obvious; they are indiscernible. Dolenz has suffered no such violation of his constitutional rights. The district court conducted full hearings on Dolenz' and the attorney's motions for summary judgment and accorded Dolenz due process of law. The district court did not deny Dolenz redress of wrongs done him by the attorney; rather, it properly determined that no such wrongs occurred. Dolenz' third point of error is overruled.

Dolenz claims in his fourth point of error that he has been denied equal protection of the law in violation of both the Texas Constitution and the United States Constitution. Dolenz argues that because accountants may be held liable for negligently

---

4. Dolenz persists in arguing that Huddleston's attorney also made misrepresentations to him in a telephone conversation preceding the letter, but there is no evidence regarding any such conversation in the summary judgment record.

supplying false information for the guidance of others, equal protection requires that attorneys be held to the same standard. We need not address Dolenz' argument because, as we have shown, Huddleston's attorney did not supply false information. On the undisputed facts, Dolenz has shown no violation of his equal protection rights, and his fourth point of error is therefore overruled.

## IV

■ Dolenz' arguments are all completely specious. We cannot find sufficient cause for even one of his complaints. Furthermore, we can see no reason for this appeal other than delay—not delay that is beneficial to Dolenz, but simply putting off the final disposition of this litigation.

Texas Rule of Appellate Procedure 84 provides in pertinent part:

> In civil cases where the court shall determine that an appeal or writ of error has been taken for delay and without sufficient cause, then the appellate court may, as part of its judgment, award each prevailing appellee or respondent an amount not to exceed ten percent of the amount of damages awarded to such appellee or respondent as damages against such appellant or petitioner. If there is no amount awarded to the prevailing appellee or respondent as money damages, then the appellate court may award, as part of its judgment, each prevailing appellee or respondent an amount not to exceed ten times the total taxable costs as damages against such appellant or petitioner.

This court may decide sua sponte to assess damages for the taking of a frivolous appeal by Dolenz. *See Bullock v. Sage Energy Co.*, 728 S.W.2d 465, 468 (Tex.App.—Austin 1987, writ ref'd n.r.e.).

Spurious litigation, unnecessarily burdening parties and courts alike, should not go unsanctioned. In this case, we conclude that damages must be awarded the attorney against Dolenz equal to ten times the total taxable costs in the case, whether incurred by Dolenz or the attorney.