**Paul W. KIMMELL, Appellant,**

**v.**

**Andrew LEOFFLER, Justice of Peace, Precinct # 1, Gillespie County, and Gerald Schmidt, County Attorney, Appellees.**

**No. 04–89–00248–CV.**

Court of Appeals of Texas, San Antonio.

June 20, 1990.

Rehearing Denied July 10, 1990.

Paul E. Kimmell, Marble Falls, pro se.

David E. Chamberlain, J. Gordon McHaney, Lea & Chamberlain, Austin, for appellees.

Before BUTTS, CHAPA and PEEPLES, JJ.

## OPINION

PER CURIAM.

Appellant Kimmell appeals from a summary judgment granted to appellees, who are the Justice of the Peace for Precinct One (Loeffler) and the County Attorney (Schmidt) of Gillespie County. The summary judgment denies Kimmell's claims for damages and mandamus relief arising from Gillespie County's prosecution of him for speeding. We affirm the judgment, and we assess damages against Kimmell for pursuing this appeal for delay and without sufficient cause.

Kimmell was issued a speeding ticket in May of 1988 in Gillespie County and was convicted of that offense in Loeffler's court. A different panel of this court has affirmed that conviction in a separate appeal. After he was charged with speeding but before he was convicted, Kimmell filed this $5,000,000 civil suit in the district court of Burnet County. Kimmell's 45–page pleading sought (1) a writ of mandamus ordering the justice court to dismiss the case against him because of (a) failure to comply with the federal and state speedy trial acts, (b) lack of subject matter jurisdiction in the J.P. court,[1] and (c) the failure of the "States Attorney" to appear at an earlier hearing; and (2) damages for libel, slander, abuse of process, "alienation of rights," and other alleged misdeeds arising out of his prosecution for speeding. Kimmell's petition named Loeffler, Schmidt, and the justice court as defendants. Defendants filed a motion to transfer venue to Gillespie County, which was granted. Ultimately the district court granted defendants' motion for summary judgment, which urged judicial immunity and the inapplicability of federal and speedy trial acts.

■ In points of error one, four, and five, Kimmell asserts that the courts below erred and lacked jurisdiction because they were not "properly set" courts. He argues that because the defendants and the judge of the district court are members of the judicial department of government, and also members of the State Bar, they were all disqualified from prosecuting and adjudicating his case because they had an interest in the proceedings and because they were all related by affinity or consanguinity within the third degree. *See* TEX.R. CIV.P. 18b(1) (judges shall disqualify themselves if they are related to either party by affinity or consanguinity within the third degree). He cites no authority, and we are not aware of any, that membership in the same branch of government or the same professional organization constitutes relationship by affinity or consanguinity. Clearly the disqualification requirement of rule 18b(1) encompasses only relation by marriage (affinity) or by blood (consanguinity). Kimmell does not allege that the district judge and the two defendants are related by blood or marriage. Rule 18b(1) does not apply.

---

**1.** As we understand the twenty pages that Kimmell's pleading devoted to lack of subject matter jurisdiction, he makes two arguments. First, he contends that the defendants acted "in a commercial capacity" by accepting United States currency, which is an instrument of interstate commerce, thereby giving the federal courts exclusive jurisdiction over the entire matter. Second, he makes reference to "admiralty maritime law" and cites the law merchant, various provisions of the United States Code, and several United States Supreme Court opinions for the following proposition: "Since there is no nexus attaching the aggrieved party to the courts quasi-admiralty/maritime jurisdiction based on ratification, this court is without subject matter and in personam jurisdiction over the aggrieved party under the federal law merchant."

■ Kimmell also argues that the county attorney, Schmidt, was a member of the judiciary and therefore unable to prosecute the case against him. It follows, he says, that there was no "properly set court." He notes that the court in *Meshell v. State,* 739 S.W.2d 246, 253 (Tex. Crim. App.1987), said, "By establishing the office of county attorney under Article V, the authors of the Texas Constitution placed those officers within the Judicial department." But the *Meshell* court also acknowledged that some of a county attorney's duties are executive, and that the same constitution vests the county attorney with the responsibility to represent the state in the district and inferior courts. *Id.* at 253 & n. 9. Points one, four and five are patently without merit and are overruled.

■ In his second point of error, Kimmell contends that no verified complaint was filed in the justice court action. He does not cite any authority, and our research has found none, to support the proposition that a writ of mandamus or an award damages is an appropriate remedy for failure to verify a complaint in justice court. Point of error two is overruled.

■ In point of error three, Kimmell asserts that the district court erred in failing to issue a writ of mandamus because he proved that he was not prosecuted within 60 days, presumably in violation of the Texas Speedy Trial Act. But by the time Kimmell had been issued the speeding ticket (May 1988), the court of criminal appeals had held that act unconstitutional. *Meshell v. State,* 739 S.W.2d at 257. Failure to issue a writ of mandamus on this ground was not error. Kimmell also complains in point three that the justice court failed to release him after it determined him to be not guilty. We note that this is a proper issue for Kimmell's direct appeal from his conviction. In any event, the record clearly reflects that the justice of the peace did not *find* Kimmell not guilty; he simply *entered a plea of not guilty* when Kimmell refused to make a plea of his own. Point of error three is overruled.

■ In point of error six, Kimmell asserts that the court erred in granting the summary judgment because he raised fact issues. In support of this contention, he directs our attention to various pleadings he filed in the district court both before and after defendants filed their motion for summary judgment. But sworn pleadings do not constitute summary judgment proof. *City of Houston v. Clear Creek Basin Auth.,* 589 S.W.2d 671, 678 (Tex.1979); *Hidalgo v. Surety Savings & Loan Ass'n,* 462 S.W.2d 540, 545 (Tex.1971). And we cannot consider the arguments of the parties contained in the statement of facts from the summary judgment hearing because summary judgment evidence and responses must be presented to the court in writing. TEX.R.CIV.P. 166a(c); *City of Houston v. Clear Creek Basin Authority,* 589 S.W.2d at 678–79.

Even though Kimmell did not raise a fact issue with competent summary judgment proof, we must still determine whether defendants proved each element of their affirmative defenses as a matter of law, as was their burden. *Montgomery v. Kennedy,* 669 S.W.2d 309, 310–11 (Tex.1984); *Swilley v. Hughes,* 488 S.W.2d 64, 67 (Tex. 1972).

■ Defendants sought summary judgment on the strength of two affirmative defenses—judicial immunity and the inapplicability of the speedy trial acts upon which Kimmell relied as grounds for his petition for writ of mandamus. Justices of the peace, like other judges, are immune from tort liability for acts performed or not performed in the course of judicial proceedings over which they have jurisdiction. *Turner v. Pruitt,* 161 Tex. 532, 342 S.W.2d 422, 423 (1961). This same immunity extends to quasi-judicial officers such as the county attorney acting in his official capacity as prosecutor and performing typical prosecutorial functions such as initiating criminal prosecution and presenting the state's case. *See Imbler v. Pachtman,* 424 U.S. 409, 421–31, 96 S.Ct. 984, 990–91, 47 L.Ed.2d 128 (1976) (§ 1983); *Russell v. Millsap,* 781 F.2d 381, 383 (5th Cir.1985), *cert. denied,* 479 U.S. 826, 107 S.Ct. 103, 93 L.Ed.2d 53 (1986); *Keeble v. Cisneros,* 664 F.Supp. 1076, 1078 (S.D.Tex.1987); *Miller*

*v. Curry,* 625 S.W.2d 84, 86–87 (Tex.App.— Fort Worth 1981, writ ref'd n.r.e.), *cert. denied,* 459 U.S. 826, 103 S.Ct. 60, 74 L.Ed.2d 63 (1982).

■ Kimmell's suit seeks to impose civil liability arising out of defendants' performance of duties for which they enjoy absolute immunity. Defendants' affidavits establish that all of the actions of which Kimmell complains were taken in their official capacities as justice of the peace and county attorney. Kimmell challenged defendants' assertion of immunity by contending that they acted beyond their jurisdiction in prosecuting him in precinct number one because his case arose in precinct number two. This argument fails, however, because it raises only a question of *venue,* not *jurisdiction.* "[A] justice of the peace court has jurisdiction to try a case which arose in another precinct." *Bradley v. Swearingen,* 525 S.W.2d 280, 282 (Tex.Civ.App.—Eastland 1975, no writ). Defendants conclusively established that they were entitled to judicial immunity from tort liability, and summary judgment was properly granted on that ground.

■ Turning to Kimmell's reliance on the federal and state speedy trial acts, we note that the federal act has no application unless there is a federal arrest. *United States v. Adams,* 694 F.2d 200, 202 (9th Cir.1982), *cert. denied,* 462 U.S. 1118, 103 S.Ct. 3085, 77 L.Ed.2d 1347 (1983); *United States v. Wilson,* 657 F.2d 755, 767 (5th Cir.1981), *cert. denied,* 455 U.S. 951, 102 S.Ct. 1456, 71 L.Ed.2d 667 (1982); *see* 18 U.S.C.A. § 3161 *et seq.* (West 1985). The summary judgment proof established that no federal arrest was involved in this case. As previously stated, the Texas speedy trial act has been held unconstitutional, *Meshell v. State,* 739 S.W.2d at 257, and could provide no basis for a writ of mandamus ordering dismissal of the case against Kimmell. Point of error six is overruled.

■ In point of error seven, Kimmell contends that the district court erred in failing to maintain its jurisdiction because the justice court proceeded with the speeding case after the petition for writ of mandamus was filed. Kimmell argues that the

mere filing of a petition for writ of mandamus automatically "collaterally attacks, estops and bars" proceedings in the lower court. He cites no authority to support this proposition, and we have found none. This is certainly not the rule with regard to petitions for writ of mandamus filed in the courts of appeals. *See* TEX.R.APP.P. 121(d) (the court *may* grant temporary relief). Mandamus petitions would become instruments of automatic continuance if litigants could freeze lower court proceedings simply by seeking a writ in a higher court. Point of error seven is overruled.

In point of error eight, Kimmell contends that the district court erred in failing to grant his motion for new trial. The argument under this point presents a summary of the arguments presented under points one through seven. We have addressed each of these points above, and found them to be without merit. Point of error eight is overruled.

Kimmell raises additional issues that we will address even though they are not specifically encompassed by any of his eight points of error. First, he asserts that the district court breached a fiduciary duty owed to him as a non-lawyer. It is well-settled that pro se litigants are held to the same standards as licensed attorneys, *Kanow v. Brownshadel,* 691 S.W.2d 804, 806 (Tex.App.—Houston [1st Dist.] 1985, no writ); *Bailey v. Rogers,* 631 S.W.2d 784, 786–87 (Tex.App.—Austin 1982, no writ), and that they must comply with applicable laws and rules of procedure. *Barnett v. City of Colleyville,* 737 S.W.2d 603, 605 (Tex.App.—Fort Worth 1987, writ denied); *Williams v. Capitol County Mut. Fire Ins. Co.,* 594 S.W.2d 558, 559 (Tex.Civ.App. —Fort Worth 1980, no writ); *Stein v. Frank,* 575 S.W.2d 399, 401 (Tex.Civ.App. —Dallas 1978, no writ). Kimmell's pro se status did not entitle him to any special solicitude from the court.

Kimmell next asserts that the court unlawfully denied his right to be heard on an emergency show-cause order and on his own motion for summary judgment. Our record contains copies of these motions, but no showing that Kimmell ever brought

them to the attention of the trial court or requested that they be set for hearing. Nothing is preserved for our review. *See* TEX.R.APP.P. 52(a).

Finally, Kimmell contends that the district court suit was erroneously transferred from Burnet County to Gillespie County. Kimmell originally filed his petition in Burnet County and, in support of venue in that county, stated an address in Marble Falls. Defendants filed a motion to transfer venue in which they alleged that venue was improper in Burnet County; Kimmell had failed to allege venue facts supporting venue in Burnet County; and, if he had alleged such facts, they were specifically denied. Defendants supported their motion to transfer venue to Gillespie County with allegations and proof that Kimmell's cause of action accrued in Gillespie County, where they were residents. *See* TEX.CIV. PRAC. & REM.CODE ANN. § 15.001 (Vernon 1986) (general venue provision).

When a venue fact is specifically denied, as it was here, the party pleading the venue fact must make prima facie proof of it. TEX.R.CIV.P. 87(3)(a). Even if we read Kimmell's petition as properly pleading venue facts, defendants' specific denial placed the burden on Kimmell to come forward with prima facie proof of the facts alleged. "Prima facie proof is made when the venue facts are properly pleaded and an affidavit, and any duly proved attachments to the affidavit, are filed fully and specifically setting forth the facts supporting such pleading." TEX.R.CIV.P. 87(3)(a).

■ Kimmell did not offer any proof of his venue allegations, even though they had been denied. Nevertheless, the defendants had the burden to show that venue was maintainable in the county to which transfer was sought. TEX.R.CIV.P. 87(2)(a); R. McDONALD, TEXAS CIVIL PRACTICE § 4.55 (1989 Supp.). Defendants sustained this burden by properly pleading venue facts supporting venue in Gillespie County, and by filing affidavits specifically stating that the action accrued in Gillespie County and that they were residents there. The district court properly determined, on the basis of the pleadings

and affidavits before it, that venue should be transferred to Gillespie County. *See* TEX.R.CIV.P. 87(3)(b); *see also Cox Engineering v. Funston Machine & Supply Co.*, 749 S.W.2d 508, 511–12 (Tex.App.—Fort Worth 1988, no writ) (plaintiff's failure to present prima facie proof of venue facts constitutes failure to preserve error for review). Kimmell's complaint about the transfer of venue is overruled.

■ Defendants urge by cross point that this appeal was brought solely for delay and without sufficient cause, and that we should impose damages under TEX.R.APP.P. 84. Rule 84 allows an appellate court to assess damages when an appeal has been brought "for delay and without sufficient cause." We sustain this cross point.

This appeal is completely without merit. Many of Kimmell's arguments are not supported by authority or by any reasoning. Those that are flatly at odds with settled law make no attempt to argue that the rules be changed. Even if Kimmell may have had personal expectations of prevailing on this appeal, under rule 84 we assess whether an appeal is taken without sufficient cause under an objective standard.

> [W]hether the matter is groundless and thus without sufficient cause must be determined on the basis of objective legal expectations, and to hold otherwise would be to reward [a pro se appellant] for failing to get legal advice and failing to evaluate his allegations properly in the light of binding legal precedents.

*Goad v. Goad*, 768 S.W.2d 356, 360 (Tex. App.—Texarkana 1989, no writ), *cert. denied*, —— U.S. ——, 110 S.Ct. 722, 107 L.Ed.2d 742 (1990). The present appeal is precisely the sort of appeal for which damages should be assessed under TEX.R. APP.P. 84. *See Hill v. Thompson & Knight*, 756 S.W.2d 824, 826 (Tex.App.—Dallas 1988, no writ); *Dolenz v. A B*, 742 S.W.2d 82, 86 (Tex.App.—Dallas 1987, writ denied). "Spurious litigation, unnecessarily burdening parties and courts alike, should not go unsanctioned." *Dolenz*, 742 S.W.2d at 86.

It is no bar to the assessment of costs under rule 84 that defendants did not seek or receive any affirmative relief below. *See CLS Assoc., Ltd. v. A B,* 762 S.W.2d 221, 225 (Tex.App.—Dallas 1988, no writ); *Dolenz v. A B,* 742 S.W.2d at 86; *Burdett v. Gifford–Hill & Co.,* 739 S.W.2d 663, 665 (Tex.App.—Fort Worth 1987, no writ). We do not agree with *Metro Aviation, Inc. v. Bristow Offshore Helicopters, Inc.,* 740 S.W.2d 873, 876 (Tex.App.—Beaumont 1987, no writ) in which the court refused to assess costs under rule 84 because appellee obtained no affirmative relief. In our view, rule 84 allows sanctions when an appeal is taken, without sufficient basis and *to delay the final resolution of the case,* even though the appellee is not seeking any relief except the termination of the suit.

> [W]e do not interpret this rule to allow sanctions only in the event of a delay of benefits to the opposing party. Sanctions can also be invoked when there is an attempt further to delay the resolution of the dispute and the completion of the litigation.

*Goad v. Goad,* 768 S.W.2d at 360.

Because Kimmell's appeal was taken without sufficient cause and for purposes of delay, defendants' cross point is sustained. We conclude that damages shall be awarded to defendants jointly and severally in the amount of $1000, which is two and one-half times the total taxable costs in this case. TEX.R.APP.P. 84.

The judgment is affirmed.