COURT OF APPEALS
SECOND 
DISTRICT OF TEXAS
FORT WORTH
 
NO. 2-04-170-CV
  
  
FREDRICK 
E. MCCLURE                                                          APPELLANT
  
V.
  
JAMES 
RICHARD DENHAM,                                                    APPELLEES
INDIVIDUALLY, 
D/B/A DENHAM
BUILDERS 
AND D/B/A DWM
DEVELOPMENTS, 
GARRETT DENHAM,
INDIVIDUALLY 
AND D/B/A DWM
DEVELOPMENTS, 
BRIAN MARTIN,
INDIVIDUALLY 
AND D/B/A DWM
DEVELOPMENTS, 
AND ERIC (RIC)
WALTERS, 
INDIVIDUALLY AND D/B/A
DWM 
DEVELOPMENTS
   
------------
 
FROM 
THE 367TH DISTRICT COURT OF DENTON COUNTY
 
------------
 
OPINION
 
------------
I. Introduction
        Appellant 
Fredrick E. McClure appeals from the trial court’s grant of summary judgment 
in favor of appellees James Richard Denham, individually, d/b/a Denham Builders 
and d/b/a DWM Developments, Garrett Denham, individually and d/b/a DWM 
Developments, Brian Martin, individually and d/b/a DWM Developments, and Eric (Ric) 
Walters, individually and d/b/a DWM Developments (the Denhams). In two issues, 
appellant complains that (1) the trial court erred in granting the Denhams’ 
motion for summary judgment, and (2) the trial court erred in overruling 
appellant’s motion for reconsideration and his motion for leave to file 
supplemental summary judgment evidence. We affirm the trial court’s judgment.
II. Background
        The 
Denhams owned a tract of land in Lewisville on which they were constructing an 
office building. Acting as the general contractor, the Denhams hired 
subcontractors to perform some of the work on the building. The Denhams retained 
Global Erectors, Inc. (Global) to erect the wall panels and roof for the 
building. On September 26, 2001, Eddie Clinebell, an employee of Global, was 
using a crane to lift decking material to the top of the building. Appellant, 
another employee of Global, was positioned on a joist approximately thirty feet 
off the ground, where he was assisting Clinebell with landing the decking 
material.
        According 
to appellant, while he was sitting on the joist and wearing a safety harness, 
which was attached by a rope to the building, he saw a load coming toward him. 
He had to disconnect the rope and move to avoid being crushed by the load.  
The load did not have a tag line, which is used to guide the load. The load 
knocked appellant off the joist, and he fell to the ground below, suffering 
extensive injuries.
        Appellant 
sued the Denhams under various negligence theories.  Appellant argued, 
among other things, that the Denhams were negligent by failing to institute 
adequate safety measures, including providing safety lines to which he could 
attach his safety harness.  Appellant also argued that the Denhams violated 
various statutes, rules, and regulations and that therefore their actions 
constituted negligence per se.  Further, appellant contended that the 
Denhams were negligent in hiring, retaining, and supervising Global.
        On 
August 1, 2003, the Denhams filed a motion for summary judgment, arguing both 
traditional and no-evidence grounds.  See Tex. R. Civ. P. 166a(c),(I).  The 
trial court set the motion for hearing on September 25, 2003.  On September 
25, 2003, the day of the hearing, the trial court took the Denhams’ motion 
under advisement without hearing oral argument.  Later, in December, the 
parties requested a continuance in order to mediate the case.  The 
mediation was not successful, and on January 29, 2004, appellant filed a motion 
for leave to supplement the summary judgment record.  Specifically, 
appellant wanted to introduce an affidavit from Randall Glenn, one of Global’s 
employees, in which Glenn states that he overheard one of the Denhams telling 
Clinebell not to use safety lines.  On February 2, 2004, the trial court, 
without ruling on appellant’s motion to supplement, telephoned appellant to 
advise him that it was granting the Denhams’ motion for summary 
judgment.  Appellant filed a motion for reconsideration, and on April 30, 
2004, the trial court overruled both of appellant’s motions and entered a 
final judgment granting the Denhams’ motion for summary judgment.
III. Motion for Reconsideration and
Motion for Leave to File Supplemental Evidence
        We 
will first address appellant’s second issue because it affects our 
determination of whether the trial court’s grant of summary judgment in favor 
of the Denhams was proper. In the first part of his second issue, appellant 
questions whether the trial court erred in overruling his motion for 
reconsideration, but he cites no authority and does not address the issue in the 
argument portion of his brief.  Therefore, appellant has waived this 
portion of his issue, and we will not address it. See Tex. R. App. P. 38.1(h); Shelton v. 
Sargent, 144 S.W.3d 113, 119 (Tex. App.—Fort Worth 2004, pet. denied) 
(holding point may be waived because of inadequate briefing).
        Appellant 
also contends that the trial court erred in overruling his motion for leave to 
supplement the summary judgment record with Glenn’s affidavit. In a summary 
judgment proceeding, the nonmoving party may file and serve opposing affidavits 
or other written responses no later than seven days prior to the scheduled date 
of the hearing.[1] Tex. R. Civ. P. 166a(c).  Only with 
the trial court’s permission may the nonmoving party file summary judgment 
evidence past the seven-day deadline.  See id.  We review a 
trial court’s ruling on a motion for leave to file a late summary judgment 
response for an abuse of discretion. Carpenter v. Cimarron Hydrocarbons Corp., 
98 S.W.3d 682, 686 (Tex. 2002); Mowbray v. Avery, 76 S.W.3d 663, 688 
(Tex. App.—Corpus Christi 2002, pet. denied); Barrera v. Sanchez, 679 
S.W.2d 704, 705 (Tex. App.—San Antonio 1984, no writ).
        Here, 
appellant obtained the Randall Glenn affidavit in November 2003.  However, 
appellant did not request leave to file the affidavit until January 29, 2004, 
which was well past the September 25, 2003 hearing date.  In his motion for 
leave, appellant stated that he located Randall Glenn in November 2003, after he 
had filed his response.  But appellant offered no further explanation as to 
why he was unable to obtain the affidavit until then or file it until January 
2004.  Thus, he did not show that his failure to timely produce the 
affidavit was not intentional or the result of conscious indifference, but was 
the result of an accident or mistake.  See Carpenter, 98 S.W.3d at 
688.  Accordingly, we hold that the trial court did not abuse its 
discretion in overruling appellant’s motion for leave to file supplemental 
evidence.[2]  We overrule appellant’s second 
issue.
IV. Summary Judgment
        In 
appellant’s first issue, he argues that the trial court erred in granting the 
Denhams’ motion for summary judgment.  When a party moves for summary 
judgment under both rules 166a(c) and 166a(I), we first review the trial 
court’s judgment under the no-evidence standard of rule 166a(I).  Ford 
Motor Co. v. Ridgway, 135 S.W.3d 598, 600 (Tex. 2004).
A. Rule 166a(I) Standard of Review
        Under 
rule 166a(I), after an adequate time for discovery, the party without the burden 
of proof may, without presenting evidence, move for summary judgment on the 
ground that there is no evidence to support an essential element of the 
nonmovant's claim or defense. Tex. R. Civ. P. 166a(I).  The 
motion must specifically state the elements for which there is no 
evidence.  Id.; Johnson v. Brewer & Pritchard, P.C., 73 S.W.3d 
193, 207 (Tex. 2002).  The trial court must grant the motion unless the 
nonmovant produces summary judgment evidence that raises a genuine issue of 
material fact. See Tex. R. Civ. P. 
166a(I) & cmt.; S.W. Elec. Power Co. v. Grant, 73 S.W.3d 211, 215 
(Tex. 2002).  If the nonmovant fails to produce more than a scintilla of 
evidence under that burden, then there is no need to analyze whether the 
movant’s summary judgment proof satisfies the less stringent rule 166a(c) 
burden.  Ford Motor Co., 135 S.W.3d at 600.
        We 
review the evidence in the light most favorable to the party against whom the 
no-evidence summary judgment was rendered. King Ranch, Inc. v. Chapman, 
118 S.W.3d 742, 751 (Tex. 2003), cert. denied, 124 S. Ct. 2097 (2004); Johnson, 
73 S.W.3d at 197; Morgan v. Anthony, 27 S.W.3d 928, 929 (Tex. 
2000).  If the nonmovant brings forward more than a scintilla of probative 
evidence that raises a genuine issue of material fact, then a no-evidence 
summary judgment is not proper.  Moore v. K Mart Corp., 981 S.W.2d 
266, 269 (Tex. App.—San Antonio 1998, pet. denied).
        Appellant’s 
causes of action fall under two theories. Under Count I, appellant asserted 
claims of negligence, negligence per se, and gross negligence.  Under Count 
II, appellant asserted that the Denhams were negligent and grossly negligent in 
hiring, retaining, and supervising appellant’s employer, Global.  The 
Denhams asserted that they were entitled to summary judgment generally because 
they owed no legal duty under any of appellant’s theories of negligence and 
because none of their acts or omissions created a foreseeable or proximate cause 
of appellant’s injuries.
B. Count I Negligence Claims
        1. 
Negligence
        The 
three essential elements of a negligence cause of action are (1) a legal duty 
owed by one person to another, (2) a breach of that duty, and (3) damages 
proximately caused by that breach. D. Houston, Inc. v. Love, 92 S.W.3d 
450, 454 (Tex. 2002).  As a general rule, a premises owner does not owe a 
duty to an independent contractor’s employee to ensure that the employee 
safely performs his work. See Koch Ref. Co. v. Chapa, 11 S.W.3d 153, 155 
(Tex. 1999).[3]  But if the premises owner 
“retains some control over the independent contractor’s work, it must 
exercise that control with reasonable care.” Id. Thus, “[a] premises 
owner can be liable . . . if it either contractually retains or actually 
exercises control over the independent contractor’s work.”  Id.   
A duty of care will arise only when such control is retained or actually 
exercised over the means, methods, or details of the independent contractor’s 
work. See Elliott-Williams, Co. v. Diaz, 9 S.W.3d 801, 804 (Tex. 1999). 
Further, the control must relate to the activity that actually caused the 
injury. Coastal Marine Serv. of Tex., Inc. v. Lawrence, 988 S.W.2d 223, 
226 (Tex. 1999).
        No 
Contractually Retained Control
        Appellant 
argues that the Denhams, the owners, retained the right to control safety at the 
job site. According to appellant, Global, the independent contractor, purported 
to exclude its responsibility for fall protection for its workers in the 
Global-Denham contract.  Appellant contends that the contract specifically 
excluded Global’s responsibility for safety cables so that the Denhams were 
obligated to provide them. However, Harry J. Conkle, Jr., Global’s owner, 
testified in his deposition that this exclusion did not pertain to Global’s 
employees.  Rather, Conkle explained that the exclusion meant that Global 
was not responsible for providing safety cables for other subcontractors on the 
job site, not that it would not provide safety cables for its own employees, 
like appellant.  Appellant offers no evidence to contradict this 
interpretation of the contract.
        Appellant 
also points to a contract between the Denhams and a roofer to support his 
argument that the Denhams retained the right to control safety at the job site . 
But the contract between the Denhams and the roofer does not mention Global or 
its employees.  See Dow Chem. Co. v. Bright, 89 S.W.3d 602, 606 
(Tex. 2002).  Further, appellant points to no provision in the 
Global-Denham contract that gives the Denhams the right to control Global’s 
work.  Therefore, we conclude that appellant failed to produce more than a 
scintilla of evidence that Global contractually assigned the right to control 
the means, methods, or details of its work, particularly the implementation of 
fall-protection systems, to the Denhams.
        Actual 
Control
        Appellant 
contends that even if the Denhams did not contractually retain the right of 
control over the operative details of Global’s work, they actually exercised 
such control.  Specifically, appellant argues, among other things, that (1) 
the Denhams were present at the job site all day, every day, that construction 
was under progress, (2) the Denhams had the overall responsibility for the 
planning, quality, and completion of the project, (3) the Denhams determined the 
subcontractors’ schedules and had the right to require that they meet all 
contract specifications, (4) the Denhams held weekly safety meetings at the job 
site, which all subcontractors and their employees were required to attend, (5) 
the Denhams made an effort to ensure that the subcontractors performed their 
work safely, and (6) the Denhams retained the right to cause a subcontractor to 
stop performing work that the Denhams thought was unsafe.
        However, 
every premises owner must have some latitude to tell its independent contractors 
what to do, in general terms, without being subject to liability.  Koch 
Ref. Co., 11 S.W.3d at 156.  The Denhams are not subject to liability 
merely because they were present at the job site, exercised general supervisory 
authority over the scheduling and results of the subcontractors’ work, and 
made an effort to ensure that the subcontractors performed their work 
safely.  See id.  In addition, although there is evidence that 
the Denhams held mandatory weekly safety meetings, appellant offers no evidence 
that during these meetings, the Denhams instructed Global or its employees 
regarding the installation of decking material or the use of fall-protection 
systems.  Cf. Lee Lewis Constr., Inc. v. Harrison, 70 S.W.3d 778, 
784 (Tex. 2001) (holding that the general contractor retained control when it 
directed an employee to ensure that the subcontractor properly utilized 
fall-protection equipment and when it expressly approved of fall-protection 
systems used by the subcontractor).
        Further, 
while the Denhams retained the right to stop performance of work they considered 
unsafe, this does not mean they retained the right to control the means, 
methods, or details of Global’s work.  In Koch Refining Co., the 
Texas Supreme Court held that a duty of care does not arise merely from
  
a general right to order the work stopped or resumed, to inspect its progress or 
receive reports, to make suggestions or recommendations which need not 
necessarily be followed, or to prescribe alterations and deviations.  Such 
a general right is usually reserved to employers, but it does not mean that the 
contractor is controlled as to the methods of his work, or as to operative 
detail.  There must be such a retention of a right of supervision that the 
contractor is not entirely free to do the work in his own way.

11 
S.W.3d at 155 (quoting Restatement 
(Second) of Torts § 414 cmt. c (1965)).
        Moreover, 
appellant has not shown that the Denhams exercised control over the actual 
activity that resulted in his injury.  See Lawrence, 988 S.W.2d at 
226.  That is, appellant presents no evidence that the Denhams controlled 
the manner in which Global hoisted and landed the decking material on the 
building. See Koch Ref. Co., 11 S.W.3d at 156 (holding that the 
independent contractor’s employee did not present any evidence that the 
premises owner instructed the employee in lifting a pipe, which led to the 
employee’s injury). More specifically, appellant presents no evidence that the 
Denhams controlled Global’s use of fall-protection systems, including the use 
of safety cables. See Harrison, 70 S.W.3d at 782.
        Here, 
there is no evidence that the Denhams approved of Global’s use of specific 
fall-protection measures or made an effort to ensure that Global properly used 
its fall-protection equipment.  Therefore, we conclude that appellant 
failed to present more than a scintilla of evidence that the Denhams controlled 
the means, methods, or details of Global’s work such that a duty of care arose 
to ensure that Global’s employees performed their work in a safe manner.
        2. 
Negligence Per Se
        Next, 
appellant contends that regardless of whether the Denhams retained or actually 
exercised control over the pertinent aspects of Global’s work, Occupational 
Safety and Health Administration (OSHA) regulations impose a nondelegable duty 
on the Denhams to provide for safety at the work site and a violation of the 
regulations constitutes a breach of the duty.  Appellant cites 29 C.F.R. § 
1926.16(a) (2000), which provides,
  
The prime contractor and any subcontractors may make their own arrangements with 
respect to obligations which might be more appropriately treated on a jobsite 
basis rather than individually.  Thus, for example, the prime contractor 
and his subcontractors may wish to make an express agreement that the prime 
contractor or one of the subcontractors will provide all required first-aid or 
toilet facilities, thus relieving the subcontractors from the actual, but not 
any legal, responsibility (or, as the case may be, relieving the other 
subcontractors from this responsibility).  In no case shall the prime 
contractor be relieved of overall responsibility for compliance with the 
requirements of this part for all work to be performed under the contract.
  
Id.  
Further, appellant cites a directive issued by OSHA regarding its multiemployer 
citation policy, which provides that an employer who has general supervisory 
authority over the worksite, including the power to correct safety and health 
violations or require others to correct them, must exercise reasonable care to 
prevent and detect violations on the site.  OSHA, U.S. Dep’t of Labor, Directive Number CPL 2-0.124 (Dec. 10, 
1999).
        But 
according to section 653(b)(4) of the OSHA statute,
  
Nothing in this chapter shall be construed . . . to enlarge or diminish or 
affect in any other manner the common law or statutory rights, duties, or 
liabilities of employers and employees under any law with respect to injuries, 
diseases, or death of employees arising out of, or in the course of employment.
 
29 
U.S.C.A. § 653(b)(4) (West 1999).
        Additionally, 
the Fifth Circuit Court of Appeals has held that regulations promulgated under 
the OSHA statute neither create an implied cause of action nor establish 
negligence per se.  Melerine v. Avondale Shipyards, Inc., 659 F.2d 
706, 707 (5th Cir. 1981).  Moreover, Texas courts have held that the common 
law duties imposed by state law are not expanded by OSHA regulations.  See 
e.g., Richard v. Cornerstone Constrs., Inc., 921 S.W.2d 465, 468 (Tex. 
App.—Houston [1st Dist.] 1996, writ denied) (op. on reh’g).
        Furthermore, 
the case cited by appellant does not support his argument that OSHA regulations 
imposed a nondelegable duty of care on the Denhams to provide for safety at the 
worksite.  In Lawson-Avila Construction., Inc. v. Stoutamire, the 
San Antonio Court of Appeals held that a general contractor owed a duty of care 
to an independent contractor’s employees because of the right of control the 
general contractor retained over the manner in which the independent contractor 
performed its work. 791 S.W.2d 584, 591 (Tex. App.—San Antonio 1990, writ 
denied).  The court did not base its analysis on OSHA regulations but on 
common law principles as outlined by the Texas Supreme Court. Id. at 
588-89; see Redinger v. Living, 689 S.W.2d 415, 417-18 (Tex. 
1985).
        Our 
review of the summary judgment record shows that appellant failed to produce 
more than a scintilla of evidence that the Denhams controlled the manner, 
methods, or operative details of Global’s work. In particular, appellant did 
not show that the Denhams retained or exercised control over whether 
fall-protection systems were put into place.  See Lawrence, 988 
S.W.2d at 226.  Therefore, appellant failed to establish that the Denhams 
owed him a duty of care to ensure that he and Global safely performed their 
work.  Because there is no evidence the Denhams owed appellant any duty, 
the trial court did not err in granting the Denhams’ summary judgment on 
appellant’s negligence, negligence per se, and gross negligence claims.  
We overrule appellant’s first issue, subparagraph (A) (Count I).
C. Count II Negligent Hiring, Retention, and 
Supervision Claims
        Appellant 
argues that summary judgment on his negligent hiring claim is also improper 
because the evidence raises a fact issue regarding whether the Denhams owed him 
a duty of reasonable care in the hiring, retention, and supervision of Global 
and whether they breached that duty.  This issue is a question of law: 
whether appellant, as an employee of an independent contractor, can bring a 
negligent hiring claim against the person who hired the contractor?
        An 
employer who hires an independent contractor may be held responsible for his 
acts if the employer “knew or should have known that the contractor was 
incompetent and a third person is injured because of such incompetency.”  
Tex. Am. Bank v. Boggess, 673 S.W.2d 398, 400 (Tex. App.—Fort Worth 
1984, writ dism’d by agr.).  In other words, an employer has a duty to 
use ordinary care in employing an independent contractor. Ross v. Tex. One 
P’ship, 796 S.W.2d 206, 216 (Tex. App.—Dallas 1990), writ denied, 
806 S.W.2d 222 (Tex. 1991).  Courts have held that an employee of an 
independent contractor, however, cannot be considered a third party to whom such 
a duty is owed. See e.g., Hagins v. E-Z Mart Stores, Inc., 128 S.W.3d 
383, 393 (Tex. App.—Texarkana 2004, no pet.); Rogers v. Pro-Tec 
Installations, Inc., No. 05-96-00049-CV, 1997 WL 412090, at *9 (Tex. 
App.—Dallas July 24, 1997, no writ) (not designated for publication).
        Although 
appellant cites two cases for the proposition that an employee of an independent 
contractor can assert a negligent hiring claim against the person who retained 
the independent contractor, both cases are distinguishable.  In Wasson 
v. Stracener, Wasson was hired as a welder’s helper for Vernon Freeman, 
whom Stacener had hired as a welder. 786 S.W.2d 414, 415 (Tex. App.—Texarkana 
1990, writ denied).  According to custom, a welder usually selects his own 
helper.  Id.  However, Stracener paid Wasson’s wages and 
carried workers’ compensation insurance for Wasson.  Id.
        Wasson 
sued Stracener after he was injured in a car accident while riding with 
Freeman.  Id. at 415-16.  Stracener filed a motion for summary 
judgment, contending that Wasson’s suit was banned by the Workers’ 
Compensation Act (WCA), under which an employee of a subscriber waives his right 
to recover damages for injuries incurred in the course and scope of 
employment.  Id. at 417-19; see also Act of March 28, 1917, 
35th Leg., R.S., ch. 103, § 3a, 1917 Tex. Gen. Laws 269, 270-71, repealed 
1989) (current version at Tex. Lab. Code 
Ann. § 46.034(a) (Vernon 1996)) (version of Worker’s Compensation Act 
in effect when Wasson decided).  Thus, Stracener contended that, at 
the time of the accident, Wasson was an employee of Stracener acting within the 
course and scope of employment for Stracener rather than an employee of Freeman, 
the independent contractor.  Wasson, 786 S.W.2d at 416-17.  The 
trial court granted Stracener’s motion.  Id. at 416.
        The 
Texarkana Court of Appeals held that the summary judgment proof did not show 
Wasson was acting in the course and scope of his employment at the time of his 
injury; thus his negligence claim against Stracener was not barred by the WCA.  
Id. at 419.  The court then held that summary judgment was not 
proper regarding Wasson’s negligence claim against Stracener because a fact 
issue existed as to whether Freeman was an independent contractor or an employee 
acting within the scope of employment.  Id. at 420-21.  The 
court further held that even if Freeman were found to be an independent 
contractor rather than an employee, which would bar Wassson’s negligence 
claim, he could still bring a negligent hiring claim against Stracener.  Id. 
at 422.  The court reversed the trial court’s grant of summary judgment 
in favor of Stracener.  Id.
        Thus, 
the issue in Wasson was not whether Wasson, as an employee of Freeman, 
could recover for negligent hiring from Stracener.  The issue was whether 
Wasson was acting within the course and scope of his employment for Stracener, 
the general contractor.  The court in that case determined that the summary 
judgment proof showed that Wasson was not acting as anyone’s employee at the 
time of the accident.  In this case, however, there is no dispute that 
appellant was Global’s employee acting in the course and scope of his 
employment for Global at the time of his injury.  Therefore, Wasson is 
not applicable to this case.
        In 
Pollard v. Missouri Pacific Railroad Co., Pollard sued Missouri Pacific 
Railroad Company (MOPAC) after he was injured while he was an employee of Balch, 
an independent contractor retained by MOPAC.  759 S.W.2d 670, 670 (Tex. 
1988) (op. on reh’g).  The Texas Supreme Court held that the court of 
appeals applied the wrong standard in upholding the trial court’s grant of 
summary judgment in favor of MOPAC.  Id.  The court held that 
the evidence showed that MOPAC retained the right of control over Balch’s 
work, thereby giving rise to a duty of care.  Id.  In remanding 
the case to the trial court, the court noted that Pollard had also asserted a 
negligent hiring claim, which was not controverted by MOPAC’s motion for 
summary judgment or addressed by the court of appeals.  Id.
        Thus, 
Pollard did not directly address the issue of whether an employee of an 
independent contractor can bring a negligent hiring claim against the person who 
hires the independent contractor.  Rather, the court, after holding that 
MOPAC’s contractual retention of control over Pollard’s employer gave rise 
to a duty of care, noted that Pollard’s negligent hiring claim presented 
another fact issue because the claim had not been addressed by the court of 
appeals or controverted by MOPAC’s summary judgment motion.
        We 
will join our sister courts in Dallas and Texarkana in holding that appellant, 
as an employee of an independent contractor, could not bring a negligent hiring 
claim against the Denhams, the persons who hired the independent 
contractor.  See Hagins, 128 S.W.3d at 393; Rogers, No. 
05-96-00049-CV, 1997 WL 412090, at *9.  Therefore, the trial court did not 
err in granting the Denhams’ motion for summary judgment on appellant’s 
negligent hiring claims.  We overrule the remainder of appellant’s first 
issue, subparagraph (B) (Count II).
V. Conclusion
        Having 
overruled both of appellant’s issues on appeal, we affirm the trial court’s 
judgment.
   
  
                                                                  TERRIE 
LIVINGSTON
                                                                  JUSTICE
  
  
PANEL 
B:   LIVINGSTON, GARDNER, and MCCOY, JJ.
 
DELIVERED: 
March 31, 2005


NOTES
1.  
The trial court can decide the motion for summary judgment on submission, 
without an appearance by the attorneys before the court.  Martin v. 
Martin, Martin & Richards, Inc., 989 S.W.2d 357, 359 (Tex. 1998).  
Regardless, the hearing date determines the time for response to the motion. Id.
2.  
Because we may consider only evidence that was before the trial court, we will 
not review the Randall Glenn affidavit in determining the propriety of the 
summary judgment.  See Gandara v. Novasad, 752 S.W.2d 740, 743 (Tex. 
App.—Corpus Christi 1988, no writ); compare with Stephens v. Dolcefino, 
126 S.W.3d 120, 126 n.6 (Tex. App.—Houston [1st Dist.] 2003, pet. filed) (op. 
on reh’g) (holding that even if the supplemental petition were untimely, the 
court would presume that the trial judge considered it when there is no evidence 
in the record to the contrary).
3.  
Because a premises owner owes the same duty as a general contractor to an 
independent contractor’s employee, cases considering the duties of each are 
used interchangeably.  Id. at 157 n.1.