MCCLURE V. DENHAM

COURT OF APPEALS

SECOND DISTRICT OF TEXAS

FORT WORTH

NO. 2-04-170-CV

FREDRICK E. MCCLURE APPELLANT

V.

JAMES RICHARD DENHAM, APPELLEES

INDIVIDUALLY, D/B/A DENHAM

BUILDERS AND D/B/A DWM

DEVELOPMENTS, GARRETT DENHAM,

INDIVIDUALLY AND D/B/A DWM

DEVELOPMENTS, BRIAN MARTIN,

INDIVIDUALLY AND D/B/A DWM

DEVELOPMENTS, AND ERIC (RIC)

WALTERS, INDIVIDUALLY AND D/B/A

DWM DEVELOPMENTS

------------

FROM THE 367TH DISTRICT COURT OF DENTON COUNTY

------------

OPINION

------------

I. Introduction

Appellant Fredrick E. McClure appeals from the trial court’s grant of summary judgment in favor of appellees James Richard Denham, individually, d/b/a Denham Builders and d/b/a DWM Developments, Garrett Denham, individually and d/b/a DWM Developments, Brian Martin, individually and d/b/a DWM Developments, and Eric (Ric) Walters, individually and d/b/a DWM Developments (the Denhams).  In two issues, appellant complains that (1) the trial court erred in granting the Denhams’ motion for summary judgment, and (2) the trial court erred in overruling appellant’s motion for reconsideration and his motion for leave to file supplemental summary judgment evidence.  We affirm the trial court’s judgment.

II. Background

The Denhams owned a tract of land in Lewisville on which they were constructing an office building.  Acting as the general contractor, the Denhams hired subcontractors to perform some of the work on the building.  The Denhams retained Global Erectors, Inc. (Global) to erect the wall panels and roof for the building.  On September 26, 2001, Eddie Clinebell, an employee of Global, was using a crane to lift decking material to the top of the building. Appellant, another employee of Global, was positioned on a joist approximately thirty feet off the ground, where he was assisting Clinebell with landing the decking material. 

According to appellant, while he was sitting on the joist and wearing a safety harness, which was attached by a rope to the building, he saw a load coming toward him.  He had to disconnect the rope and move to avoid being crushed by the load.  The load did not have a tag line, which is used to guide the load.  The load knocked appellant off the joist, and he fell to the ground below, suffering extensive injuries. 

Appellant sued the Denhams under various negligence theories.  Appellant argued, among other things, that the Denhams were negligent by failing to institute adequate safety measures, including providing safety lines to which he could attach his safety harness.  Appellant also argued that the Denhams violated various statutes, rules, and regulations and that therefore their actions constituted negligence per se.  Further, appellant  contended that the Denhams were negligent in hiring, retaining, and supervising Global. 

On August 1, 2003, the Denhams filed a motion for summary judgment, arguing both traditional and no-evidence grounds.  
See 
Tex
. R. Civ. P.
 166a(c),(I).  The trial court set the motion for hearing on September 25, 2003.  On September 25, 2003, the day of the hearing, the trial court took the Denhams’ motion under advisement without hearing oral argument.  Later, in December, the parties requested a continuance in order to mediate the case.   The mediation was not successful, and on January 29, 2004, appellant filed a motion for leave to supplement the summary judgment record.  Specifically, appellant wanted to introduce an affidavit from Randall Glenn, one of Global’s employees, in which Glenn states that he overheard one of the Denhams telling Clinebell not to use safety lines.  On February 2, 2004, the trial court, without ruling on appellant’s motion to supplement, telephoned appellant to advise him that it was granting the Denhams’ motion for summary judgment.  Appellant filed a motion for reconsideration, and on April 30, 2004, the trial court overruled both of appellant’s motions and entered a final judgment granting the Denhams’ motion for summary judgment. 

III. Motion for Reconsideration and

 Motion for Leave to File Supplemental Evidence

 

We will first address appellant’s second issue because it affects our determination of whether the trial court’s grant of summary judgment in favor of the Denhams was proper.  In the first part of his second issue, appellant questions whether the trial court erred in overruling his motion for reconsideration, but he cites no authority and does not address the issue in the argument portion of his brief.  Therefore, appellant has waived this portion of his issue, and we will not address it.  
See 
Tex. R. App. P.
 38.1(h); 
Shelton v. Sargent
, 144 S.W.3d 113, 119 (Tex. App.སྭFort Worth 2004, pet. denied) (holding point may be waived because of inadequate briefing).    

Appellant also contends that the trial court erred in overruling his motion for leave to supplement the summary judgment record with Glenn’s affidavit.  In a summary judgment proceeding, the nonmoving party may file and serve opposing affidavits or other written responses no later than seven days prior to the scheduled date of the hearing.
(footnote: 1)  
Tex. R. Civ. P.
 166a(c).  Only with the trial court’s permission may the nonmoving party file summary judgment evidence past the seven-day deadline.  
See id
.  We review a trial court’s ruling on a motion for leave to file a late summary judgment response for an abuse of discretion.  
Carpenter v. Cimarron Hydrocarbons Corp.
, 98 S.W.3d 682,  686 (Tex. 2002);
 Mowbray v. Avery
, 76 S.W.3d 663, 688 (Tex. App.སྭCorpus Christi 2002, pet. denied); 
Barrera v. Sanchez
, 679 S.W.2d 704, 705 (Tex. App.སྭSan Antonio 1984, no writ).

Here, appellant obtained the Randall Glenn affidavit in November 2003.  However, appellant did not request leave to file the affidavit until January 29, 2004, which was well past the September 25, 2003 hearing date.  In his motion for leave, appellant stated that he located Randall Glenn in November 2003, after he had filed his response.  But appellant offered no further explanation as to why he was unable to obtain the affidavit until then or file it until January 2004.  Thus, he did not show that his failure to timely produce the affidavit was not intentional or the result of conscious indifference, but was the result of an accident or mistake.  
See Carpenter
, 98 S.W.3d at 688.  Accordingly, we hold that the trial court did not abuse its discretion in overruling appellant’s motion for leave to file supplemental evidence.
(footnote: 2)  We overrule appellant’s second issue.

IV. Summary Judgment
 

In appellant’s first issue, he argues that the trial court erred in granting the Denhams’ motion for summary judgment.  When a party moves for summary judgment under both rules 166a(c) and 166a(I), we first review the trial court’s judgment under the no-evidence standard of rule 166a(I).  
Ford Motor Co. v. Ridgway, 
135 S.W.3d 598, 600 (Tex. 2004). 

A. Rule 166a(I) Standard of Review   

Under rule 166a(I), after an adequate time for discovery, the party without the burden of proof may, without presenting evidence, move for summary judgment on the ground that there is no evidence to support an essential element of the nonmovant's claim or defense.  
Tex. R. Civ. P.
 166a(I).  The motion must specifically state the elements for which there is no evidence.  
Id.; Johnson v. Brewer & Pritchard, P.C., 
73 S.W.3d 193, 207 (Tex. 2002).  The trial court must grant the motion unless the nonmovant produces summary judgment evidence that raises a genuine issue of material fact.  
See
 
Tex. R. Civ. P.
 166a(I) & cmt.; 
S.W. Elec. Power Co. v. Grant, 
73 S.W.3d 211, 215 (Tex. 2002).  If the nonmovant fails to produce more than a scintilla of evidence under that burden, then there is no need to analyze whether the movant’s summary judgment proof satisfies the less stringent rule 166a(c) burden.  
Ford Motor Co., 
135 S.W.3d at 600.  

We review the evidence in the light most favorable to the party against whom the no-evidence summary judgment was rendered.  
King Ranch, Inc. v. Chapman
, 118 S.W.3d 742, 751 (Tex. 2003), 
cert. denied
, 124 S. Ct. 2097 (2004); 
Johnson
, 73 S.W.3d at 197; 
Morgan v. Anthony
, 27 S.W.3d 928, 929 (Tex. 2000).  If the nonmovant brings forward more than a scintilla of probative evidence that raises a genuine issue of material fact, then a no-evidence summary judgment is not proper.  
Moore v. K Mart Corp.
, 981 S.W.2d 266, 269 (Tex. App.—San Antonio 1998, pet. denied).  

Appellant’s causes of action fall under two theories.  Under Count I, appellant asserted claims of negligence, negligence per se, and gross negligence.  Under Count II, appellant asserted that the Denhams were negligent and grossly negligent in hiring, retaining, and supervising appellant’s employer, Global.  The Denhams asserted that they were entitled to summary judgment generally because they owed no legal duty under any of appellant’s theories of negligence and because none of their acts or omissions created a foreseeable or proximate cause of appellant’s injuries. 

B. Count I Negligence Claims

1. Negligence
  

The three essential elements of a negligence cause of action are (1) a legal duty owed by one person to another, (2) a breach of that duty, and (3) damages proximately caused by that breach.  
D. Houston, Inc. v. Love
, 92 S.W.3d 450, 454 (Tex. 2002).  As a general rule, a premises owner does not owe a duty to an independent contractor’s employee to ensure that the employee safely performs his work. 
See Koch Ref. Co. v. Chapa
, 11 S.W.3d 153, 155 (Tex. 1999).
(footnote: 3)  But if the premises owner “retains some control over the independent contractor’s work, it must exercise that control with reasonable care.”  
Id
.  Thus, “[a] premises owner can be liable . . . if it either contractually retains or actually exercises control over the independent contractor’s work.”  
Id.  
A duty of care will arise only when
 
such control is retained or actually exercised over the means, methods, or details of the independent contractor’s work.  
See Elliott-Williams, Co. v. Diaz
, 9 S.W.3d 801, 804 (Tex. 1999).  Further, the control must relate to the activity that actually caused the injury.  
Coastal Marine Serv. of Tex., Inc. v. Lawrence
, 988 S.W.2d 223, 226 (Tex. 1999).  

No Contractually Retained Control

Appellant argues that the Denhams, the owners, retained the right to control safety at the job site.  According to appellant, Global, the independent contractor, purported to exclude its responsibility for fall protection for its workers in the Global-Denham contract.  Appellant contends that the contract specifically excluded Global’s responsibility for safety cables so that the Denhams were obligated to provide them.  However, Harry J. Conkle, Jr., Global’s owner, testified in his deposition that this exclusion did not pertain to Global’s employees.  Rather, Conkle explained that the exclusion meant that Global was not responsible for providing safety cables for other subcontractors on the job site, not that it would not provide safety cables for its own employees, like appellant.  Appellant offers no evidence to contradict this interpretation of the contract.   

Appellant also points to a contract between the Denhams and a roofer to support his argument that the Denhams retained the right to control safety at the job site.  But the contract between the Denhams and the roofer does not mention Global or its employees.  
See Dow Chem. Co. v. Bright
, 89 S.W.3d 602, 606 (Tex. 2002).  Further, appellant points to no provision in the Global-Denham contract that gives the Denhams the right to control Global’s work.   Therefore, we conclude that appellant failed to produce more than a scintilla of evidence that Global contractually assigned the right to control the means, methods, or details of its work, particularly the implementation of fall-protection systems, to the Denhams.

Actual Control

Appellant contends that even if the Denhams did not contractually retain the right of control over the operative details of Global’s work, they actually exercised such control.  Specifically, appellant argues, among other things, that (1) the Denhams were present at the job site all day, every day, that construction was under progress, (2) the Denhams had the overall responsibility for the planning, quality, and completion of the project, (3) the Denhams determined the subcontractors’ schedules and had the right to require that they meet all contract specifications, (4) the Denhams held weekly safety meetings at the job site, which all subcontractors and their employees were required to attend, (5) the Denhams made an effort to ensure that the subcontractors performed their work safely, and (6) the Denhams retained the right to cause a subcontractor to stop performing work that the Denhams thought was unsafe.

However, every premises owner must have some latitude to tell its independent contractors what to do, in general terms, without being subject to liability.  
Koch Ref. Co.
, 11 S.W.3d at 156. The Denhams are not subject to liability merely because they were present at the job site, exercised general supervisory authority over the scheduling and results of the subcontractors’ work, and made an effort to ensure that the subcontractors performed their work safely.  
See id
.  In addition, although there is evidence that the Denhams held mandatory weekly safety meetings, appellant offers no evidence that during these meetings, the Denhams instructed Global or its employees regarding the installation of decking material or the use of fall-protection systems.  
Cf. Lee Lewis Constr., Inc. v. Harrison
, 70 S.W.3d 778, 784 (Tex. 2001) (holding that the general contractor retained control when it directed an employee to ensure that the subcontractor properly utilized fall-protection equipment and when it expressly approved of fall-protection systems used by the subcontractor). 

Further, while the Denhams retained the right to stop performance of work they considered unsafe, this does not mean they retained the right to 
control
 the means, methods, or details of Global’s work.  In 
Koch Refining Co.
, the Texas Supreme Court held that a duty of care does not arise merely from 

a general right to order the work stopped or resumed, to inspect its progress or receive reports, to make suggestions or recommendations which need not necessarily be followed, or to prescribe alterations and deviations.  Such a general right is usually reserved to employers, but it does not mean that  the contractor is controlled as to the methods of his work, or as to operative detail.  There must be such a retention of a right of supervision that the contractor is not entirely free to do the work in his own way.

11 S.W.3d at 155 (quoting 
Restatement (Second) of Torts ྷ 414 
cmt. c (1965)).

Moreover, appellant has not shown that the Denhams exercised control over the actual activity that resulted in his injury.  
See Lawrence
, 988 S.W.2d at 226.  That is, appellant presents no evidence that the Denhams controlled the manner in which Global hoisted and landed the decking material on the building.  
See Koch Ref. Co.
, 11 S.W.3d at 156 (holding that the independent contractor’s employee did not present any evidence that the premises owner instructed the employee in lifting a pipe, which led to the employee’s injury). More specifically, appellant presents no evidence that the Denhams controlled Global’s use of fall-protection systems, including the use of safety cables.  
See Harrison
, 70 S.W.3d at 782.   

Here, there is no evidence that the Denhams approved of Global’s use of specific fall-protection measures or made an effort to ensure that Global properly used its fall-protection equipment.  Therefore, we conclude that appellant failed to present more than a scintilla of evidence that the Denhams controlled the means, methods, or details of Global’s work such that a duty of care arose to ensure that Global’s employees performed their work in a safe manner. 

2. Negligence Per Se

Next, appellant contends that regardless of whether the Denhams retained or actually exercised control over the pertinent aspects of Global’s work, Occupational Safety and Health Administration (OSHA) regulations impose a nondelegable duty on the Denhams to provide for safety at the work site and a violation of the regulations constitutes a breach of the duty.   Appellant cites 29 C.F.R. § 1926.16(a) (2000), which provides, 

The prime contractor and any subcontractors may make their own arrangements with respect to obligations which might be more appropriately treated on a jobsite basis rather than individually.  Thus, for example, the prime contractor and his subcontractors may wish to make an express agreement that the prime contractor or one of the subcontractors will provide all required first-aid or toilet facilities, thus relieving the subcontractors from the actual, but not any legal, responsibility (or, as the case may be, relieving the other subcontractors from this responsibility).  In no case shall the prime contractor be relieved of overall responsibility for compliance with the requirements of this part for all work to be performed under the contract.  

Id
.  Further, appellant cites a directive issued by OSHA regarding its multiemployer citation policy, which provides that an employer who has general supervisory authority over the worksite, including the power to correct safety and health violations or require others to correct them, must exercise reasonable care to prevent and detect violations on the site.  OSHA, 
U.S. Dep’t of Labor
, 
Directive Number 
CPL 2-0.124 (Dec. 10, 1999).  

But according to section 653(b)(4) of the OSHA statute, 

Nothing in this chapter shall be construed . . . to enlarge or diminish or affect in any other manner the common law or statutory rights, duties, or liabilities of employers and employees under any law with respect to injuries, diseases, or death of employees arising out of, or in the course of employment.

29 U.S.C.A. ྷ 653(b)(4) (West 1999).  

Additionally, the Fifth Circuit Court of Appeals has held that regulations promulgated under the OSHA statute neither create an implied cause of action nor establish negligence per se.  
Melerine v. Avondale Shipyards, Inc.
, 659 F.2d 706, 707 (5th Cir. 1981).  Moreover, Texas courts have held that the common law duties imposed by state law are not expanded by OSHA regulations.  
See e.g., Richard v. Cornerstone Constrs., Inc.
, 921 S.W.2d 465, 468 (Tex. App.སྭHouston [1st Dist.] 1996, writ denied) (op. on reh’g).

Furthermore, the case cited by appellant does not support his argument that OSHA regulations imposed a nondelegable duty of care on the Denhams to provide for safety at the worksite.  In 
Lawson-Avila Construction., Inc. v. Stoutamire
, the San Antonio Court of Appeals held that a general contractor owed a duty of care to an independent contractor’s employees because of the right of control the general contractor retained over the manner in which the independent contractor performed its work.  791 S.W.2d 584, 591 (Tex. App.སྭSan Antonio 1990, writ denied).  The court did not base its analysis on OSHA regulations but on common law principles as outlined by the Texas Supreme Court.  
Id
. at 588-89; 
see
 
Redinger v. Living
, 689 S.W.2d 415, 417-18 (Tex. 1985).

Our review of the summary judgment record shows that appellant failed to produce more than a scintilla of evidence that the Denhams controlled the manner, methods, or operative details of Global’s work.  In particular, appellant did not show that the Denhams retained or exercised control over whether fall-protection systems were put into place.  
See Lawrence
, 988 S.W.2d at 226.  Therefore, appellant failed to establish that the Denhams owed him a duty of care to ensure that he and Global safely performed their work.  Because there is no evidence the Denhams owed appellant any duty, the trial court did not err in granting the Denhams’ summary judgment on appellant’s negligence, negligence per se, and gross negligence claims.  We overrule appellant’s first issue, subparagraph (A) (Count I).  

C. Count  II Negligent Hiring, Retention, and Supervision Claims

Appellant argues that summary judgment on his negligent hiring claim is also improper because the evidence raises a fact issue regarding whether the Denhams owed him a duty of reasonable care in the hiring, retention, and supervision of Global and whether they breached that duty.  This issue is a question of law: whether appellant, as an employee of an independent contractor, can bring a negligent hiring claim against the person who hired the contractor?  

An employer who hires an independent contractor may be held responsible for his acts if the employer “knew or should have known that the contractor was incompetent and a third person is injured because of such incompetency.”  
Tex. Am. Bank v. Boggess
, 673 S.W.2d 398, 400 (Tex. App.སྭFort Worth 1984, writ dism’d by agr.).  In other words, an employer has a duty to use ordinary care in employing an independent contractor.  
Ross v. Tex. One P’ship
, 796 S.W.2d 206, 216 (Tex. App.སྭDallas 1990), 
writ denied
, 806 S.W.2d 222 (Tex. 1991).  Courts have held that an employee of an independent contractor, however, cannot be considered a third party to whom such a duty is owed.  
See e.g., Hagins v. E-Z Mart Stores, Inc.
, 128 S.W.3d 383, 393 (Tex. App.སྭTexarkana 2004, no pet.); 
Rogers v. Pro-Tec Installations, Inc
., No. 05-96-00049-CV, 1997 WL 412090, at *9 (Tex. App.སྭDallas July 24, 1997, no writ) (not designated for publication).  

Although appellant cites two cases for the proposition that an employee of an independent contractor can assert a negligent hiring claim against the person who retained the independent contractor, both cases are distinguishable.  In 
Wasson v. Stracener
, Wasson was hired as a welder’s helper for Vernon Freeman, whom Stacener had hired as a welder.  786 S.W.2d 414, 415 (Tex. App.སྭTexarkana 1990, writ denied).  According to custom, a welder usually selects his own helper.  
Id
.  However, Stracener paid Wasson’s wages and carried workers’ compensation insurance for Wasson.  
Id
.  

Wasson sued Stracener after he was injured in a car accident while riding with Freeman.  
Id. 
at 415-16
.  
Stracener filed a motion for summary judgment, contending that Wasson’s suit was banned by the Workers’ Compensation Act (WCA), under which an employee of a subscriber waives his right to recover damages for injuries incurred in the course and scope of employment.  
Id
. at 417-19; 
see also 
Act of March 28, 1917, 35th Leg., R.S., ch. 103, ྷ 3a, 1917 Tex. Gen. Laws 269, 270-71, 
repealed 
1989) (current version at 
Tex. Lab. Code Ann.
 § 46.034(a) (Vernon 1996)) (version of Worker’s Compensation Act in effect when 
Wasson
 decided).  Thus, Stracener contended that, at the time of the accident, Wasson was an employee of Stracener acting within the course and scope of employment for Stracener rather than an employee of Freeman, the independent contractor.  
Wasson,
 786 S.W.2d at 416-17.  The trial court granted Stracener’s motion.  
Id
. at 416.

The Texarkana Court of Appeals held that the summary judgment proof did not show Wasson was acting in the course and scope of his employment at the time of his injury; thus his negligence claim against Stracener was not barred by the WCA.  
Id
. at 419.  The court then held that summary judgment was not proper regarding Wasson’s negligence claim against Stracener because a fact issue existed as to whether Freeman was an independent contractor or an employee acting within the scope of employment.  
Id
. at 420-21.  The court further held that even if Freeman were found to be an independent contractor rather than an employee, which would bar Wassson’s negligence claim, he could still bring a negligent hiring claim against Stracener.  
Id
. at 422.  The court reversed the trial court’s grant of summary judgment in favor of Stracener.  
Id
. 

Thus, the issue in 
Wasson
 was not whether Wasson, as an employee of Freeman, could recover for negligent hiring from Stracener.  The issue was whether Wasson was acting within the course and scope of his employment for Stracener, the general contractor.  The court in that case determined that the summary judgment proof showed that Wasson was not acting as anyone’s employee at the time of the accident.  In this case, however, there is no dispute that appellant was Global’s employee acting in the course and scope of his employment for Global at the time of his injury.  Therefore, 
Wasson 
is not applicable to this case.    

In 
Pollard v. Missouri Pacific Railroad Co.
, Pollard sued Missouri Pacific Railroad Company (MOPAC) after he was injured while he was an employee of Balch, an independent contractor retained by MOPAC.  759 S.W.2d 670, 670 (Tex. 1988) (op. on reh’g).  The Texas Supreme Court held that the court of appeals applied the wrong standard in upholding the trial court’s grant of summary judgment in favor of MOPAC.  
Id
.  The court held that the evidence showed that MOPAC retained the right of control over Balch’s work, thereby giving rise to a duty of care.  
Id
.  In remanding the case to the trial court, the court noted that Pollard had also asserted a negligent hiring claim, which was not controverted by MOPAC’s motion for summary judgment or addressed by the court of appeals.  
Id
.  

Thus, 
Pollard 
did not directly address the issue of whether an employee of an independent contractor can bring a negligent hiring claim against the person who hires the independent contractor.  Rather, the court, after holding that MOPAC’s contractual retention of control over Pollard’s employer gave rise to a duty of care, noted that Pollard’s negligent hiring claim presented another fact issue because the claim had not been addressed by the court of appeals or controverted by MOPAC’s summary judgment motion.

We will join our sister courts in Dallas and Texarkana in holding that appellant, as an employee of an independent contractor, could not bring a negligent hiring claim against the Denhams, the persons who hired the independent contractor.  
See Hagins
, 128 S.W.3d at 393; 
Rogers
, No. 05-96-00049-CV, 1997 WL 412090, at *9.  Therefore, the trial court did not err in granting the Denhams’ motion for summary judgment on appellant’s negligent hiring claims.  We overrule the remainder of appellant’s first issue, subparagraph (B) (Count II). 

V. Conclusion
  

Having overruled both of appellant’s issues on appeal, we affirm the trial court’s judgment.  

TERRIE LIVINGSTON

JUSTICE

PANEL B: LIVINGSTON, GARDNER, and MCCOY, JJ.

DELIVERED:  March 31, 2005

FOOTNOTES
1:
The trial court can decide the motion for summary judgment on submission, without an appearance by the attorneys before the court.  
Martin v. Martin, Martin & Richards, Inc.
, 989 S.W.2d 357, 359 (Tex. 1998).  Regardless, the hearing date determines the time for response to the motion.  
Id
.  

2:
Because we may consider only evidence that was before the trial court, we will not review the Randall Glenn affidavit in determining the propriety of the summary judgment.  
See Gandara v. Novasad
, 752 S.W.2d 740, 743 (Tex. App.སྭCorpus Christi 1988, no writ); 
compare with Stephens v. Dolcefino
, 126 S.W.3d 120, 126 n.6 (Tex. App.སྭHouston [1st Dist.] 2003, pet. filed) (op. on reh’g) (holding that even if the supplemental petition were untimely, the court would presume that the trial judge considered it when there is no evidence in the record to the contrary).

3: Because a premises owner owes the same duty as a general contractor to an independent contractor’s employee, cases considering the duties of each are used interchangeably. 
 
Id.
 at 157 n.1.