COURT
OF APPEALS

                                       SECOND
DISTRICT OF TEXAS

                                                   FORT
WORTH

 

 

                                        NO.
2-07-058-CV

 

 

CHARLES HALL                                                                   APPELLANT

 

                                                   V.

 

JAMES H. DIEFFENWIERTH, II D/B/A TCI,                                 APPELLEES

JAMES
H. DIEFFENWIERTH, III D/B/A TCI 

AND
ROBERT DALE MOORE

                                              ------------

 

           FROM
THE 236TH DISTRICT COURT OF TARRANT COUNTY

 

                                              ------------

 

                                MEMORANDUM
OPINION[1]

 

                                              ------------








Charles Hall (AHall@) appeals
from the trial court=s judgment
incorporating a partial summary judgment rendered for appellees James H.
Dieffenwierth, II d/b/a TCI, James H. Dieffenwierth, III d/b/a TCI, and Robert
Moore (ATCI@ and AMoore,@
respectively).  TCI and Moore also filed
a conditional cross appeal, in the event that we sustain Hall=s issues.  Because we affirm the
trial court=s judgment,
we do not reach TCI and Moore=s cross appeal.

TCI is a trucking
company.  On September 23, 2002, Hall, an
independent contractor, was repairing a tractor trailer at TCI when Moore, a
TCI employee, started the tractor=s engine, partially severing Hall=s left thumb and ring finger in the fan belt.

On February 18, 2003, Hall
filed suit against TCI and Moore alleging negligence, negligence per se, and
gross negligence causes of action.  Hall
alleged that TCI was liable for Moore=s acts under the theory of respondeat superior.  








Both parties moved for
partial summary judgment on both traditional and no evidence grounds, and the
trial court granted summary judgment in favor of TCI and Moore.  The trial court=s order provided that (1) Hall was an independent contractor and not a
TCI employee, (2) the alleged Occupational Safety and Health Administration (AOSHA@) violations
did not constitute negligence per se, and (3) OSHA regulations or violations of
OSHA regulations were not admissible as evidence of negligence by TCI.  The trial court dismissed all of Hall=s negligence per se and premises defect claims[2]
with prejudice and ordered Hall=s attorney and all witnesses to refrain from mentioning any alleged
OSHA violation.  

On October 4, 2006, after a
seven-day jury trial, the jury found that Hall was 100% negligent and that
Moore and Dieffenwierth, II were 0% negligent.[3]  Accordingly, the trial court entered a
judgment that Hall recover nothing from Moore and Dieffenwierth, II.

In his first and second
issues, Hall complains that the trial court should have granted his motion for
partial summary judgment and denied TCI and Moore=s motion for partial summary judgment. 
When both parties move for summary judgment and the trial court grants
one motion and denies the other, the reviewing court should review both parties= summary judgment evidence and determine all questions presented.[4]
The reviewing court should render the judgment that the trial court should have
rendered.[5]








We turn first to TCI and
Moore=s no evidence motion for partial summary judgment.[6]  After an adequate time for discovery, the
party without the burden of proof may, without presenting evidence, move for
summary judgment on the ground that there is no evidence to support an essential
element of the nonmovant=s claim or
defense.[7]  The motion must specifically state the
elements for which there is no evidence.[8]  The trial court must grant the motion unless
the nonmovant produces summary judgment evidence that raises a genuine issue of
material fact.[9]

When reviewing a no evidence
summary judgment, we examine the entire record in the light most favorable to
the nonmovant, indulging every reasonable inference and resolving any doubts
against the motion.[10]  If the nonmovant brings forward more than a
scintilla of probative evidence that raises a genuine issue of material fact,
then a no evidence summary judgment is not proper.[11]













Hall asserted in his
negligence claim that TCI owed a duty to him to comply with the OSHA
regulations.[12]  In one of its summary judgment grounds, TCI
contended that it did not have a duty to comply with OSHA regulations because
Hall was an independent contractor[13]
and because TCI employees did not perform maintenance work on the
tractors.  The elements of a negligence
cause of action are the existence of a legal duty, a breach of that duty, and
damages proximately caused by that breach.[14]  A prerequisite to tort liability is the
existence of a legally cognizable duty.[15]  The plaintiff must establish both the
existence and the breach of a duty owed to plaintiff by the defendant to
establish liability.[16]  Whether a duty exists is a question of law
for the court to decide from the facts surrounding the occurrence in question.[17]

Hall argues that OSHA
regulations required TCI to implement a lockout/tagout procedure.[18]  Hall cites 29 C.F.R. ' 1910.147(a)(3), which provides that A[t]his section requires employers to establish a program and utilize
procedures for affixing appropriate lockout devices or tagout devices to energy
isolating devices, and to otherwise disable machines or equipment to prevent
unexpected energization, start-up or release of stored energy in order to
prevent injury to employees.@[19]   








Hall asserts that TCI had a
duty to comply with 29 C.F.R. ' 1910.147 because TCI employees performed maintenance and inspections
on the tractors.  Hall cites to Teal
v. E.I. DuPont de Nemours & Co., a Sixth Circuit opinion, which states
that an employer is obligated to protect independent contractors once the
employer is required to comply with OSHA regulations, to support his
contention.[20]

Hall also points to Moore=s and Dieffenwierth, III=s depositions as support for this theory.  However, Moore did not testify that TCI
employees performed maintenance on the tractors at TCI.  Although Moore did state that there were
times when he would make minor repairs to the tractor when he was on the road,
this testimony does not establish that TCI employees performed maintenance and
repairs on the tractors at TCI.  Additionally, Moore=s statement that he worked as a yard man changing oil and grease when
he began working at TCI in 1986 or 1987 is not evidence that TCI employed
mechanics in 2002, when the accident occurred. 
Moore stated that he did not perform any Askilled mechanic=s work.@  In fact, Moore stated that
before Hall began performing maintenance work on the tractors, TCI would take
the tractors to Kenworth, Peterbilt, or Cummins to be repaired.








Additionally, Dieffenwierth,
III testified in his deposition that Moore did not repair the tractors, but
rather Adirected and instructed@ Hall in what needed to be repaired. 
Dieffenwierth, III explained that Moore would walk outside to tell Hall
what the problem was with a tractor or to hear Hall=s diagnosis and then go back inside. 
Hall fails to point to any evidence to establish that TCI employees
performed repairs on the tractors at TCI, thereby requiring TCI to comply with
OSHA regulations.  Therefore, we conclude
that Hall failed to produce more than a scintilla of evidence that TCI had a
duty to comply with the OSHA regulation based on the allegation that TCI
employees performed maintenance duties.  

Next, Hall contends that the
trial court should have granted his motion for partial summary judgment on the
issue of negligence per se and denied TCI and Moore=s motion.  Hall asserts that
OSHA regulations impose a nondelegable duty on TCI to maintain a lockout/tagout
procedure for all energy isolating devices. 
Hall again cites 29 C.F.R. ' 1910.147(a)(3) of OSHA to support his contention.  Hall also cites to a directive issued by OSHA
regarding its multi-employer citation policy, which provides that an employer
who has general supervisory authority over the worksite, including the power to
correct safety and health violations or to require others to correct them, must
exercise reasonable care to prevent and detect violations on the site.[21]









However, the Fifth Circuit
has held that regulations promulgated under the OSHA statute neither create an
implied cause of action nor establish negligence per se.[22]  Further, Texas courts have held that our
common law is not expanded by OSHA regulations.[23]  

Additionally, the cases cited
by Hall do not support his contention that TCI had a nondelegable duty to
provide for lockout/tagout procedures. 
In Teal, the Sixth Circuit held that a breach of OSHA=s specific duty clause is negligence per se only if the party injured
is a member of the class of persons OSHA was intended to protect.[24]








The Teal court,
interpreting 29 U.S.C. ' 645(a)(2),[25]
extended to employees of an independent contractor the same duty owed to an
employer=s own employees.  The Sixth
Circuit concluded, AIn our view,
once an employer is deemed responsible for complying with OSHA regulations, it
is obligated to protect every employee who works at its workplace,@ such that Teal, an employee of an independent contractor, had to be
considered a member of the class of persons that the special duty provision was
intended to protect.[26]  In Ellis, the Sixth Circuit clarified Teal,
stating that it does not impose an unlimited duty on an employer to protect
anyone who happens upon any portion of an employer=s property, but simply provides that a breach of an OSHA specific duty
can be negligence per se if the party injured is in the class the
statute intended to protect.[27]  The Ellis court determined that an
OSHA violation did not constitute negligence per se because Ellis presented no
evidence that Chase had a duty to protect its own employees.[28]

Here, Hall admitted that he
was an independent contractor, and he has failed to present any evidence that
TCI had any employees engaged in tractor maintenance and inspection at
TCI.  Therefore, because TCI had no duty
to follow the OSHA regulation with regard to its own employees and the
lockout/tagout procedure, there was no duty to extend to Hall.








Furthermore, in Texas, the Teal
reasoning has only been considered persuasive with regard to extending the
protection of 29 U.S.C. ' 654(a)(2)
to all work site employees when Athe OSHA violation is the result of a premise[s] defect or arises from
an activity under the control of the general contractor.@[29]  Hall failed to present any
evidence of a premises defect, and, contrary to his assertion in his brief that
Athere is no question that the activity at issue was controlled by TCI,@ the summary judgment evidence presented to the trial court was
sufficient for the trial court to conclude otherwise.  








Our review of the summary
judgment record shows that Hall failed to produce more than a scintilla of
evidence that demonstrates that TCI should have had a lockout/tagout
procedure.  Specifically, Hall failed to
show that TCI employees were involved in the maintenance of the tractor at TCI
and therefore  owed him a duty of care to
ensure that he would not be injured while doing his work.  Because there is no evidence that TCI owed
Hall any duty, the trial court did not err by granting TCI and Moore=s partial summary judgment on Hall=s negligence and negligence per se issues.  Additionally, the trial court did not err by
denying Hall=s motion for
partial summary judgment.[30]  Accordingly, we overrule Hall=s first and second issues.  








In Hall=s third, fourth, and fifth issues, he argues that the trial court
should have (1) allowed his expert to testify at trial regarding OSHA
regulations, (2)  allowed his requested
jury instruction that a violation of OSHA regulations was some evidence of
negligence, and (3) granted his motion for new trial because OSHA applied to
TCI=s conduct.  As illustrated
above, however, TCI had no duty to conform to 29 C.F.R. ' 1910.147(a)(3) of OSHA.[31]  As such, TCI did not violate any OSHA
regulation by not implementing a lockout/tagout procedure.  Therefore, the trial court did not abuse its
discretion by refusing to allow Hall=s expert to testify with regard to the OSHA regulations,[32]
refusing to submit Hall=s jury
instruction,[33]
and refusing to grant a new trial.[34]  We overrule Hall=s third, fourth, and fifth issues.

Having overruled all of Hall=s issues, we affirm the trial court=s judgment.

 

PER CURIAM

PANEL A: 
CAYCE, C.J.; LIVINGSTON and MCCOY, JJ.

DELIVERED: 
June 12, 2008                                 

 











[1]See TEX. R. APP. P.
47.4.





[2]In
his response to TCI and Moore=s motion for partial summary
judgment, Hall stated that he was not alleging a premises defect cause of
action.





[3]Hall
nonsuited Dieffenwierth, III the morning of trial. 





[4]Valence
Operating Co. v. Dorsett, 164 S.W.3d 656, 661 (Tex. 2005).





[5]Id.  





[6]When
a party moves for summary judgment under both rules 166a(c) and 166a(i), we
first review the trial court=s judgment under the no
evidence standard of rule 166a(i).  Ford
Motor Co. v. Ridgway, 135 S.W.3d 598, 600 (Tex. 2004).  





[7]Tex. R. Civ. P. 166a(i).





[8]Id.;
Johnson v. Brewer & Pritchard, P.C., 73 S.W.3d 193, 207
(Tex. 2002).





[9]See Tex. R. Civ. P. 166a(i) & cmt.; Sw.
Elec. Power Co. v. Grant, 73 S.W.3d 211, 215 (Tex. 2002).





[10]Sudan
v. Sudan, 199 S.W.3d 291, 292 (Tex. 2006).





[11]Moore
v. K Mart Corp., 981 S.W.2d 266, 269 (Tex. App.CSan
Antonio 1998, pet. denied). 





[12]Hall
also asserted that he was entitled to summary judgment on his negligence claim
because he conclusively proved that (1) TCI had a duty to comply with OSHA, (2)
OSHA required TCI to implement a lockout/tagout procedure under OSHA, (3) TCI
failed to implement a lockout/tagout procedure and maintain records and train
employees regarding the lockout/tagout procedure, and (4) Hall did not have a
duty to implement a lockout/tagout procedure. 





[13]In
his response to TCI and Moore=s motion for partial summary
judgment, Hall acknowledged that he was an independent contractor, not a TCI
employee, when the incident occurred.   





[14]IHS
Cedars Treatment Ctr. of Desoto, Tex., Inc. v. Mason, 143
S.W.3d 794, 798 (Tex. 2004); D. Houston, Inc. v. Love, 92 S.W.3d 450,
454 (Tex. 2002).  





[15]Firestone
Steel Prods. Co. v. Barajas, 927 S.W.2d 608, 613 (Tex. 1996).  





[16]Greater
Houston Transp. Co. v. Philips, 801 S.W.2d 523, 525 (Tex.
1990).  





[17]Id.  





[18]29
C.F.R. '
1910.147(a)(3) (2002). 





[19]Id.  





[20]728
F.2d 799, 805 (6th Cir. 1984).





[21]Occupational Safety & Health Admin., U.S. Dep=t of Labor, Directive Number CPL
2-0.124, Multi-Employer Citation Policy (1999),
available at http://www.osha.gov/pls/oshaweb/owadisp.show_document?p_table=DIRECTIVES&p_id=2024#PURPOSE.





[22]Melerine
v. Avondale Shipyards, Inc., 659 F.2d 706, 707 (5th Cir. 1981); see
also McClure v. Denham, 162 S.W.3d 346, 353 (Tex. App.CFort
Worth 2005, no pet.) (citing Melerine, 659 F.2d at 707).  





[23]McClure, 162
S.W.3d at 353; Richard v. Cornerstone Constructors, Inc., 921 S.W.2d
465, 468 (Tex. App.CHouston
[1st Dist.] 1996, writ denied) (op. on reh=g); Hill v. Consol.
Concepts, Inc., No. 14-05-00345-CV, 2006 WL 2506403, at *4 (Tex. App.CHouston
[14th Dist.] Aug. 31, 2006, pet. denied) (mem. op.); see also Occupational Safety & Health Admin.,
U.S. Dep=t of Labor, Directive Number CPL
2-0.124(IX)(B), Multi-Employer Citation
Policy (Stating that the revision does not impose any new duties on
employers).  





[24]728
F.2d at 805; see also Ellis v. Chase Commc=ns,
Inc., 63 F.3d 473, 477 (6th Cir. 1995) (quoting Teal).  





[25]AEach
employer . . . shall comply with occupational safety and health standards
promulgated under this chapter.@  29 U.S.C. ' 645(a)(2) (1970).





[26]728
F.2d at 804-05. 





[27]63
F.3d at 477.





[28]Id. at
478.





[29]Richard, 921
S.W.2d at 468 (holding that neither of those circumstances existed where the
faulty scaffolding was installed and utilized by the independent contractor=s
crew, which had the responsibility to ensure that the materials they chose
conformed with OSHA standards).  





[30]Because
we determine that TCI did not have a duty to comply with 29 C.F.R. '
1910.147, we need not address Hall=s remaining grounds in his
motion for summary judgment.  See TEX. R. APP. P.
47.1; Provident Life & Accident Ins. Co. v. Knott, 128 S.W.3d 211,
216 (Tex. 2003).  





[31]See 29
C.F.R. '
1910.147(a)(3).





[32]Helena
Chemical Co. v. Wilkins, 47 S.W.3d 486, 499 (Tex. 2001) (AA two‑part
test governs whether expert testimony is admissible:  (1) the expert must be qualified; and (2) the
testimony must be relevant and be based on a reliable foundation . . . [t]he
trial court has broad discretion to determine admissibility.@).





[33]Cliff
v. Huggins, 724 S.W.2d 778, 778 (Tex. 1987) (AA
motion for new trial is addressed to the trial court=s
discretion and the court=s
ruling will not be disturbed on appeal in the absence of a showing of an abuse
of discretion.@).





[34]Town
of Flower Mound v. Teague, 111 S.W.3d 742, 758 (Tex. App.CFort
Worth 2003, pet. denied) (AThe standard of review for
alleged jury charge error is abuse of discretion.@).