COURT OF APPEALS

                                                 SECOND
DISTRICT OF TEXAS

                                                                FORT
WORTH

 

 

                                        NO.
2-09-109-CV

 

 

FIA CARD SERVICES A/K/A                                                   APPELLANT

BANK OF AMERICA

                                                    

V.

 

BRIAN VATER                                                                       APPELLEE

 

                                              ------------

 

         FROM
COUNTY COURT AT LAW NO. 3 OF TARRANT COUNTY

 

                                              ------------

 

                                MEMORANDUM OPINION[1]

 

                                              ------------








Appellant
FIA Card Services a/k/a Bank of America (ABOA@)
appeals the trial court=s grant of summary judgment in
favor of Appellee Brian Vater.  In two
issues, BOA argues that the trial court should have treated several statements
made by Vater in one of his pleadings as judicial admissions and that the trial
court erred by refusing to consider BOA=s
supplemental response to Vater=s motion
for summary judgment.  We will affirm.

In March
2006, BOA sued Vater to collect a debt, alleging claims for suit on a sworn
account, breach of contract, unjust enrichment, and quantum meruit or money had
and received.  BOA alleged that it was
the owner of Vater=s account, that Vater had
defaulted by failing to make payments on the account, and that the account had
a principal balance due of $27,202.98. 
Vater filed a pro se answer, which included a counterclaim.  Thereafter, Vater retained counsel, and on August
17, 2006, he filed a no‑evidence motion for summary judgment that
challenged each of BOA=s claims.  On October 26, 2006, BOA filed a response to
Vater=s motion
for summary judgment.  That response
requested a continuance and relied on only an affidavit attached to its
original petition in support of its claims. 
On November 3, 2006, the date scheduled for the hearing on Vater=s motion
for summary judgment, BOA filed a motion for leave to file an amended response
to Vater=s motion
for summary judgment and the amended response. 
That same day, the trial court continued the hearing.[2]








Over
seven months later, on June 29, 2007, the trial court once again continued the
hearing on Vater=s motion for summary judgment,
and it noted on the docket sheet:  Ano
amended SJ response to be permitted.@  On August 8, 2007, the trial court signed an
order granting BOA=s motion to substitute
Christopher D. Osborn as counsel of record for BOA.  On September 20, 2007, the trial court passed
the hearing on Vater=s motion for summary judgment.

On
November 21, 2007, the parties entered into a rule 11 agreement providing that Aso long
as Plaintiff submits a motion for leave and amended response to Defendant=s Motion
for Summary Judgment on or before Tuesday, November 27, 2007, the filings will
be treated as having been filed on November 21, 2007.@  On November 27, 2007, BOA filed a
supplemental response[3]
to Vater=s motion
for summary judgment, and on November 29, 2007, BOA filed a motion for leave to
consider its supplemental response to Vater=s motion
for summary judgment.[4]








The
trial court signed an order on December 4, 2007, granting Vater=s motion
for summary judgment and denying BOA=s motion
for leave to consider the supplemental response.  The order states that Vater=s motion
Acame to
be considered@ on November 28, 2007, one day
after BOA filed its supplemental response but one day before BOA filed its
motion for leave to consider the supplemental response.  BOA appeals.

We
consider BOA=s second issue first.  In its second issue, BOA argues that the
trial court erred by not considering the supplemental response to Vater=s motion
for summary judgment that it filed on November 27, 2007.  It contends that it met the test for
determining when a motion for leave to file a late summary judgment response
should have been granted and, alternatively, that the supplemental response
should have been considered timely because it entered into a rule 11 agreement
with Vater providing that its supplemental response would be treated as having
been filed seven days before the hearing on Vater=s motion
for summary judgment.








We
review the denial of a motion for leave to file a late summary judgment
response for an abuse of discretion.  Carpenter,
98 S.W.3d at 686; McClure v. Denham, 162 S.W.3d 346, 349 (Tex. App.CFort
Worth 2005, no pet.).  A trial court
abuses its discretion if it acts in an arbitrary or unreasonable manner or if
it acts without reference to any guiding rules or principles.  Downer v. Aquamarine Operators, Inc.,
701 S.W.2d 238, 241B42 (Tex. 1985), cert. denied,
476 U.S. 1159 (1986).  A motion for leave
to file a late summary judgment response should be granted when the nonmovant
establishes good cause by showing that the failure to timely respond
(1) was not intentional or the result of conscious indifference but the
result of accident or mistake and (2) allowing the late response will
occasion no undue delay or otherwise injure the party seeking summary
judgment.  Carpenter, 98 S.W.3d at
688; El Dorado Motors, Inc. v. Koch, 168 S.W.3d 360, 369 (Tex. App.CDallas
2005, no pet.).








Here,
the record demonstrates that Vater filed his motion for summary judgment on
August 17, 2006; that the hearing on the motion was not scheduled until
November 3, 2006, approximately eighty days later; that BOA relied only on an
affidavit attached to its original petition to support its response to Vater=s motion
for summary judgment; and that the trial court granted BOA=s motion
to continue the hearing on Vater=s motion
for summary judgment.  The next action
taken by the trial court regarding Vater=s motion
for summary judgment occurred in June 2007, when it continued the hearing on
the motion again.  Between the granting
of BOA=s motion
for continuance in November 2006 and the trial court=s
decision to continue the hearing in June 2007, a period of almost eight months,
BOA did not seek to amend or supplement its response to Vater=s motion
for summary judgment.  Further, in November
2006, when the trial court first continued the hearing on Vater=s
motion, BOA filed a motion for leave to amend its response that included
evidence purportedly relevant to its claims, but there is nothing in the record
showing that BOA ever obtained a ruling on the motion.  Thus, the record shows that BOA was aware of
the need to amend or supplement its response to Vater=s motion
for summary judgment as early as November 2006Ca full
year before the trial court heard Vater=s motion
for summary judgmentCbut that it ultimately failed to
do so, either by obtaining a ruling on the motion for leave it filed in
November 2006 or by seeking leave to amend or supplement its response before
the 2007 hearing on Vater=s motion for summary
judgment.  Accordingly, BOA did not show
that its failure to timely supplement its response was not intentional or the
result of conscious indifference but instead the result of an accident or
mistake; thus, it did not show good cause for the late filing of its
supplemental response to Vater=s motion
for summary judgment.  See Carpenter,
98 S.W.3d at 688; El Dorado Motors, 168 S.W.3d at 369; McClure,
162 S.W.3d at 349; see also Sanchez v. Rodriguez, Nos. 13-00-00059-CV,
13-00-00060-CV, 2001 WL 34616782, at *3B4 (Tex.
App.CCorpus
Christi Oct. 4, 2001, no pet.) (holding that trial court did not abuse its
discretion by denying appellants= motion
for leave to file a supplemental response to a motion for summary judgment).








As for
BOA=s
contention that the supplemental response was timely filed because of the rule
11 agreement with Vater, BOA did not abide by the terms of the rule 11
agreement because it filed its motion for leave on November 29, 2007, two days
after the rule 11=s requirement that the motion
for leave be filed by November 27, 2007. 
The trial court had also previously ordered approximately five months
earlier, in June 2007, that BOA was not permitted to file any amended summary
judgment responses.

Accordingly,
we hold that the trial court did not abuse its discretion by denying BOA=s motion
for leave to consider the supplemental response to Vater=s motion
for summary judgment and by not considering the supplemental response.  We overrule BOA=s second
issue.








In BOA=s first
issue, it argues that the trial court erred by granting Vater=s motion
for summary judgment on its contract claim. 
Specifically, BOA contends that Vater made several statements in his
counterclaim regarding the existence of an agreement between the parties, that
the statements contradict the theory set forth in his motion for summary
judgment that there is no evidence of an agreement between he and BOA, and that
the statements should have been treated as judicial admissions of the existence
of an agreement.  BOA raised this ground
for denying Vater=s motion for summary judgment
for the first time in its supplemental response to Vater=s motion
for summary judgment filed in November 2007. 
We determined in our ruling on BOA=s second
issue that the trial court did not abuse its discretion by not considering the
supplemental response.  Because the
supplemental response was not before the trial court when it granted Vater=s motion
for summary judgment, BOA raises this ground for the first time on appeal.  Because BOA raises this argument for the
first time on appeal, it is waived.  See
Tex. R. Civ. P. 166a(c) (providing that issues not expressly presented to
the trial court by written motion, answer, or other response shall not be
considered on appeal as grounds for reversal); Tex. R. App. P. 33.1 (requiring
that as a prerequisite for presenting a complaint for appellate review, record
must show that the complaint was made to trial court by timely request,
objection, or motion); McConnell v. Southside ISD, 858 S.W.2d 337, 341
(Tex. 1993).  We overrule BOA=s first
issue.

Having
overruled BOA=s two issues, we affirm the
trial court=s judgment.

 

 

 

BILL MEIER

JUSTICE

 

PANEL:  LIVINGSTON, DAUPHINOT,
and MEIER, JJ.

 

DELIVERED:  February 4, 2010











[1]See Tex. R. App. P. 47.4.





[2]There is nothing in the
record to show that the trial court ruled on BOA=s motion for leave to
file the amended response.





[3]The rule 11 agreement
required BOA to file an Aamended response,@ not a supplemental
response.  On appeal, however, the
parties do not distinguish between the two, treating the supplemental response
filed on November 27, 2007, as the Aamended response@ mentioned in the rule 11
agreement.





[4]BOA argued that the
motion for leave to consider the supplemental response should be granted
because the parties executed the rule 11 agreement and because BOA met the
requirements for granting a motion for leave to file a late summary judgment
response as delineated in Carpenter v. Cimarron Hydrocarbons Corp., 98
S.W.3d 682, 687B88 (Tex. 2002).