

# COURT OF APPEALS
## SECOND DISTRICT OF TEXAS
## FORT WORTH

NO. 2-09-109-CV

FIA CARD SERVICES A/K/A                                        APPELLANT
BANK OF AMERICA

V.

BRIAN VATER                                                    APPELLEE

------------

FROM COUNTY COURT AT LAW NO. 3 OF TARRANT COUNTY

------------

## MEMORANDUM OPINION[1]

------------

Appellant FIA Card Services a/k/a Bank of America ("BOA") appeals the trial court's grant of summary judgment in favor of Appellee Brian Vater. In two issues, BOA argues that the trial court should have treated several statements made by Vater in one of his pleadings as judicial admissions and

---

[1] *See* Tex. R. App. P. 47.4.

that the trial court erred by refusing to consider BOA's supplemental response to Vater's motion for summary judgment.  We will affirm.

In March 2006, BOA sued Vater to collect a debt, alleging claims for suit on a sworn account, breach of contract, unjust enrichment, and quantum meruit or money had and received.  BOA alleged that it was the owner of Vater's account, that Vater had defaulted by failing to make payments on the account, and that the account had a principal balance due of $27,202.98. Vater filed a pro se answer, which included a counterclaim.  Thereafter, Vater retained counsel, and on August 17, 2006, he filed a no-evidence motion for summary judgment that challenged each of BOA's claims.  On October 26, 2006, BOA filed a response to Vater's motion for summary judgment.  That response requested a continuance and relied on only an affidavit attached to its original petition in support of its claims.  On November 3, 2006, the date scheduled for the hearing on Vater's motion for summary judgment, BOA filed a motion for leave to file an amended response to Vater's motion for summary judgment and the amended response.  That same day, the trial court continued the hearing.[2]

---

[2] There is nothing in the record to show that the trial court ruled on BOA's motion for leave to file the amended response.

2

Over seven months later, on June 29, 2007, the trial court once again continued the hearing on Vater's motion for summary judgment, and it noted on the docket sheet: "no amended SJ response to be permitted." On August 8, 2007, the trial court signed an order granting BOA's motion to substitute Christopher D. Osborn as counsel of record for BOA. On September 20, 2007, the trial court passed the hearing on Vater's motion for summary judgment.

On November 21, 2007, the parties entered into a rule 11 agreement providing that "so long as Plaintiff submits a motion for leave and amended response to Defendant's Motion for Summary Judgment on or before Tuesday, November 27, 2007, the filings will be treated as having been filed on November 21, 2007." On November 27, 2007, BOA filed a supplemental response[3] to Vater's motion for summary judgment, and on November 29, 2007, BOA filed a motion for leave to consider its supplemental response to Vater's motion for summary judgment.[4]

---

[3] ... The rule 11 agreement required BOA to file an "amended response," not a supplemental response. On appeal, however, the parties do not distinguish between the two, treating the supplemental response filed on November 27, 2007, as the "amended response" mentioned in the rule 11 agreement.

[4] ... BOA argued that the motion for leave to consider the supplemental response should be granted because the parties executed the rule 11 agreement and because BOA met the requirements for granting a motion for leave to file a late summary judgment response as delineated in *Carpenter v. Cimarron Hydrocarbons Corp.*, 98 S.W.3d 682, 687–88 (Tex. 2002).

The trial court signed an order on December 4, 2007, granting Vater's motion for summary judgment and denying BOA's motion for leave to consider the supplemental response. The order states that Vater's motion "came to be considered" on November 28, 2007, one day after BOA filed its supplemental response but one day before BOA filed its motion for leave to consider the supplemental response. BOA appeals.

We consider BOA's second issue first. In its second issue, BOA argues that the trial court erred by not considering the supplemental response to Vater's motion for summary judgment that it filed on November 27, 2007. It contends that it met the test for determining when a motion for leave to file a late summary judgment response should have been granted and, alternatively, that the supplemental response should have been considered timely because it entered into a rule 11 agreement with Vater providing that its supplemental response would be treated as having been filed seven days before the hearing on Vater's motion for summary judgment.

We review the denial of a motion for leave to file a late summary judgment response for an abuse of discretion. *Carpenter*, 98 S.W.3d at 686; *McClure v. Denham*, 162 S.W.3d 346, 349 (Tex. App.—Fort Worth 2005, no pet.). A trial court abuses its discretion if it acts in an arbitrary or unreasonable manner or if it acts without reference to any guiding rules or principles.

4

*Downer v. Aquamarine Operators, Inc.*, 701 S.W.2d 238, 241–42 (Tex. 1985), *cert. denied*, 476 U.S. 1159 (1986).  A motion for leave to file a late summary judgment response should be granted when the nonmovant establishes good cause by showing that the failure to timely respond (1) was not intentional or the result of conscious indifference but the result of accident or mistake and (2) allowing the late response will occasion no undue delay or otherwise injure the party seeking summary judgment.  *Carpenter*, 98 S.W.3d at 688; *El Dorado Motors, Inc. v. Koch*, 168 S.W.3d 360, 369 (Tex. App.—Dallas 2005, no pet.).

Here, the record demonstrates that Vater filed his motion for summary judgment on August 17, 2006; that the hearing on the motion was not scheduled until November 3, 2006, approximately eighty days later; that BOA relied only on an affidavit attached to its original petition to support its response to Vater's motion for summary judgment; and that the trial court granted BOA's motion to continue the hearing on Vater's motion for summary judgment.  The next action taken by the trial court regarding Vater's motion for summary judgment occurred in June 2007, when it continued the hearing on the motion again.  Between the granting of BOA's motion for continuance in November 2006 and the trial court's decision to continue the hearing in June 2007, a period of almost eight months, BOA did not seek to amend or supplement its response to Vater's motion for summary judgment.  Further, in November

5

2006, when the trial court first continued the hearing on Vater's motion, BOA filed a motion for leave to amend its response that included evidence purportedly relevant to its claims, but there is nothing in the record showing that BOA ever obtained a ruling on the motion. Thus, the record shows that BOA was aware of the need to amend or supplement its response to Vater's motion for summary judgment as early as November 2006—a full year before the trial court heard Vater's motion for summary judgment—but that it ultimately failed to do so, either by obtaining a ruling on the motion for leave it filed in November 2006 or by seeking leave to amend or supplement its response before the 2007 hearing on Vater's motion for summary judgment. Accordingly, BOA did not show that its failure to timely supplement its response was not intentional or the result of conscious indifference but instead the result of an accident or mistake; thus, it did not show good cause for the late filing of its supplemental response to Vater's motion for summary judgment. *See Carpenter*, 98 S.W.3d at 688; *El Dorado Motors*, 168 S.W.3d at 369; *McClure*, 162 S.W.3d at 349; *see also Sanchez v. Rodriguez*, Nos. 13-00-00059-CV, 13-00-00060-CV, 2001 WL 34616782, at *3–4 (Tex. App.—Corpus Christi Oct. 4, 2001, no pet.) (holding that trial court did not abuse its discretion by denying appellants' motion for leave to file a supplemental response to a motion for summary judgment).

6

As for BOA's contention that the supplemental response was timely filed because of the rule 11 agreement with Vater, BOA did not abide by the terms of the rule 11 agreement because it filed its motion for leave on November 29, 2007, two days after the rule 11's requirement that the motion for leave be filed by November 27, 2007. The trial court had also previously ordered approximately five months earlier, in June 2007, that BOA was not permitted to file any amended summary judgment responses.

Accordingly, we hold that the trial court did not abuse its discretion by denying BOA's motion for leave to consider the supplemental response to Vater's motion for summary judgment and by not considering the supplemental response. We overrule BOA's second issue.

In BOA's first issue, it argues that the trial court erred by granting Vater's motion for summary judgment on its contract claim. Specifically, BOA contends that Vater made several statements in his counterclaim regarding the existence of an agreement between the parties, that the statements contradict the theory set forth in his motion for summary judgment that there is no evidence of an agreement between he and BOA, and that the statements should have been treated as judicial admissions of the existence of an agreement. BOA raised this ground for denying Vater's motion for summary judgment for the first time in its supplemental response to Vater's motion for summary

7

judgment filed in November 2007.  We determined in our ruling on BOA's second issue that the trial court did not abuse its discretion by not considering the supplemental response.  Because the supplemental response was not before the trial court when it granted Vater's motion for summary judgment, BOA raises this ground for the first time on appeal.  Because BOA raises this argument for the first time on appeal, it is waived.  *See* Tex. R. Civ. P. 166a(c) (providing that issues not expressly presented to the trial court by written motion, answer, or other response *shall not* be considered on appeal as grounds for reversal); Tex. R. App. P. 33.1 (requiring that as a prerequisite for presenting a complaint for appellate review, record must show that the complaint was made to trial court by timely request, objection, or motion); *McConnell v. Southside ISD*, 858 S.W.2d 337, 341 (Tex. 1993).  We overrule BOA's first issue.

Having overruled BOA's two issues, we affirm the trial court's judgment.


BILL MEIER
JUSTICE

PANEL:  LIVINGSTON, DAUPHINOT, and MEIER, JJ.

DELIVERED:  February 4, 2010

8