ACCEPTED
03-14-00080-CV
6179121
THIRD COURT OF APPEALS
AUSTIN, TEXAS
7/22/2015 2:42:58 PM
JEFFREY D. KYLE
CLERK

# CHAMBERLAIN, HRDLICKA, WHITE, WILLIAMS & AUGHTRY

A PARTNERSHIP OF PROFESSIONAL CORPORATIONS

### ATTORNEYS AT LAW

1200 SMITH STREET, SUITE 1400

## HOUSTON, TEXAS 77002-4496

(713) 658-1818  (800) 342-5829

(713) 658-2553 (FAX)

chwwm@chamberlainlaw.com

KEVIN D. JEWELL
SHAREHOLDER
DIRECT DIAL NO.(713) 654-9620
E-MAIL: kevin.jewell@chamberlainlaw.com

RECEIVED IN
3rd COURT OF APPEALS
AUSTIN, TEXAS
7/22/2015 2:42:58 PM
JEFFREY D. KYLE
Clerk

HOUSTON
ATLANTA
PHILADELPHIA
SAN ANTONIO

FILED
*August 26, 2015*
Third Court of Appeals
Jeffrey D. Kyle
Clerk

July 22, 2015

Jeffrey D. Kyle, Clerk
Third Court of Appeals
Price Daniel, Sr. Building
209 W. 14th Street, Room 101
Austin, Texas 78701

> Re: No. 03-14-00080-CV; *Gattis Electric, Inc. v. Mann, et al.*; in the Third Court of Appeals, Austin, Texas.

Dear Mr. Kyle:

Appellant Gattis Electric, Inc. submits this letter in response to the supplemental brief filed by Appellees on July 13, 2015. TEX. R. APP. P. 38.7.

Appellees cite the Texas Supreme Court's recent decision in *Austin v. Kroger Texas, L.P.*, No. 14-0216, 2015 WL 3641066 (Tex. June 12, 2015), in support of the argument that their case is properly considered one grounded in general negligence, as opposed to premises defect. *Austin* was decided on certified questions from the Fifth Circuit.

The principal problem with Appellees' position is that *Austin* involved an analysis of duties in the **employer/employee** relationship. The plaintiff in *Austin* was an employee who filed a negligence suit against his non-subscribing employer. *Id*. In contrast, the relationship between Lawhon and Gattis was not one of employer/employee. Lawhon was an independent contractor.

*Austin* does not support Appellees' position for additional reasons. There, the Texas Supreme Court addressed the viability of Austin's causes of action for "engaging in negligent activities" and "negligently failing to provide a 'necessary instrumentality.'" *Id*. at *14. Importantly, the court acknowledged that the Fifth Circuit affirmed summary judgment for Kroger on the "negligent activity" claim because the plaintiff's injury "arose from a premises condition rather than any contemporaneous activity by Kroger, and that Austin 'cannot pursue both a negligent activity and a premises defect theory of recovery based on the same injury.'" *Id*. at *14. "Thus, when a claim does not result from contemporaneous activity, the invitee has no negligent-activity claim, and his claim sounds exclusively in premises-liability." *Id*. at *15. That principle, unchanged and reaffirmed by *Austin*, applies here.

*Austin* held, however, that the plaintiff in that case could pursue an alternate theory of recovery: that his **employer** was negligent in failing to provide necessary instrumentalities that would have allowed him to perform his job safely. But it was only due to the plaintiff's **employment** relationship with Kroger that permitted such a claim to proceed because the employer/employee relationship "may give rise to additional duties, such as a duty to provide necessary equipment, training, or supervision." *Id*. at *15. Regardless, the court clarified, "[i]f the only relationship between Austin and Kroger were that of landowner-invitee, **the alleged facts could only give rise to a premises-liability claim**." *Id*. (emphasis added).

Again, here, Lawhon was not Gattis's employee, nor did Lawhon allege a "negligent instrumentality" theory of the type *Austin* recognized or that would apply in the context of an independent contractor relationship. Further, *Austin* certainly did **not** hold that an ordinary negligence jury question is appropriate in a premises defect case involving injury to an independent contractor. Thus, the analysis applied by Appellant controls this case and the judgment must be reversed.

Of course, Gattis did not owe Lawhon any additional duties for at least one other reason—Lawhon failed to prove, or secure a jury finding, that Gattis controlled his injury-producing work (which was in any event a task Gattis was unaware Lawhon agreed to perform, and outside Gattis's scope of work on the property). The control an employer exerts over its employee—present in *Austin*—

is clearly absent from the independent contractor relationship between Gattis and Lawhon.

Lawhon says his claim against Gattis is not a "premises defect" claim because Gattis was not the property owner. That is irrelevant to the proper characterization of his claim. Gattis occupies a position of a contractor relative to Lawhon, who occupies a position of subcontractor. A contractor in Gattis's position is held to, at most, the same standard as a premises owner with respect to injuries to an independent contractor on the premises. *See McClure v. Denham*, 162 S.W.3d 346, 351, n. 3 (Tex. App.—Fort Worth 2005, no pet.) (premises owner owes same duty as general contractor to independent contractor's employee). *Austin* does nothing to alter the applicable duties in the present context.

Respectfully submitted,

CHAMBERLAIN, HRDLICKA, WHITE, WILLIAMS & AUGHTRY

By:        /s/ Kevin Jewell
           Kevin D. Jewell
           State Bar No. 00787769
           1200 Smith Street, Suite 1400
           Houston, Texas  77002
           Telephone:  (713) 658-1818
           Telecopy:  (713) 658-2553

ATTORNEYS FOR APPELLANT,
GATTIS ELECTRIC, INC.

KDJ/dlk
1952385

July 22, 2015
Page 4

*Via electronic service*
D. Todd Smith
Smith Law Group, P.C.
1250 Capital of Texas Highway South
Three Cielo Center, Suite 601
Austin, Texas 78746

*Via electronic service*
Henry Moore
Jayme Bomben
316 W. 12th St., Suite 318
Austin, Texas 78701

*Via electronic service*
Sally S. Metcalfe
Metcalfe Law, P.L.L.C.
901 South Mopac Expressway
Plaza One, Suite 300
Austin, Texas 78746

## **CERTIFICATE OF COMPLIANCE**

The undersigned certifies this brief complies with the typed—volume limitations of Texas Rule of Appellate Procedure 9. This brief contains 636 words, excluding the parts of the brief exempted, and has been prepared in a proportionally spaced typeface using Microsoft Word 2010 in Times New Roman, 14 point.



/s/ Kevin D. Jewell